WHITE et al. v. WALSH, County Clerk.

(Supreme Court, Special Term, Niagara County. February 11, 1909.)

1. TAXATION (§ 75*)—"MORTGAGE" TAX—INSTRUMENTS TAXABLE.

An instrument provided that the owner of property leased it for five years, the lessee to pay a certain annual·rental, and at the end of the term required the owner to sell, and the lessee to purchase, the property for a sum named; but the lessee was entitled to purchase at any time within the five years on 30 days' notice, and if he defaulted in any of the conditions of the contract the owner could require him to purchase at the price named on 30 days' notice. Gen. Tax Law (Laws 1906, p. 1449, c. 532) § 293, being a part of the mortgage tax law, imposes a tax on the principal debt of every "mortgage" recorded; and section 290 provides that executory contracts of sale, under which the vendee is entitled to possession, are deemed mortgages within the statute. *Held*, that the instrument was an executory contract of sale, taxable under the recording act, and the description of the annual payments as "rentals" would not change the nature of the instrument.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 161; Dec. Dig. § 75.*

For other definitions, see Words and Phrases, vol. 5, pp. 4596–4606; vol. 8, p. 7725.]

2. MORTGAGES (§ 32*)—CONSTRUCTION—DEEDS GIVEN AS SECURITY.

A deed absolute on its face, though given only as a security, is construed as a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 60–66, 84–94; Dec. Dig. § 32.*]

3. TAXATION (§ 58*)—PROPERTY SUBJECT—STATUTES—CONSTRUCTION.

In construing the recording tax laws, ·the court cannot extend the meaning of the law, so as to include things·not named as subjects of taxation, nor will it permit new names to be given to old forms to escape the provisions of the law; the legislative intention being the only guide.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 134; Dec. Dig. § 58.*]

Action by Herbert L. White and others against Matthew Walsh, as county clerk and recording officer of Niagara county. On demurrer to the complaint for failure to state a cause of action. Demurrer sustained.

N. D. Fish, for plaintiffs.

D. E. Brong, Deputy Atty. Gen., for defendant.

POUND, J. This is an action against the defendant to recover back the·sum of $200 paid by plaintiffs under protest as a recording tax on a written agreement for the sale of real estate situate in Niagara

county, tendered by them for record in Niagara county clerk's office. The material parts of the agreement in question read as follows:

"And whereas, the parties of the second part are desirous of leasing and purchasing said real estate; and whereas, the parties of the first part are willing to lease and sell said real estate to the parties of the second part: Now, therefore, the parties hereto, in consideration of the premises, and in consideration of the covenants and agreements herein made by each party, and by them mutually, do hereby covenant and agree to and with each other as follows: The parties of the first part do hereby demise, lease, and let unto the said parties of the second part the above-described real estate, * * * to have and to hold the said demised premises unto the parties of the second part for a term of five years, commencing on October 1, 1908. And the parties of the first part hereby covenant and agree to sell and convey by good and sufficient warranty deed, accompanied by abstract of title, showing the title thereof free and clear and marketable, to the parties of the second part, the above-described real estate, at the termination of the lease hereby created, or earlier, as hereinafter provided, for the sum of forty thousand dollars ($40,000.00). The parties of the second part hereby hire and take said real estate, * * * and hereby covenant and agree to pay for the same as an annual rental, and for each year of said term, the following sums and considerations, to wit: (a) Twenty-six hundred dollars ($2,600.00) each year, payable quarterly in advance. * * * (b) The sum of all taxes and assessments of whatsoever nature that may be levied or assessed against said real estate and the improvements thereon during the term of this lease. * * * (c) The sum of all repairs that may be required to be made from time to time upon the improvements of said' real estate to keep the same in good condition. The parties of the second part hereby covenant and agree to purchase, at the termination of the lease hereby created, the above-described real estate, and to pay in cash therefor the sum of forty thousand dollars ($40,000.00). It is hereby mutually covenanted and agreed that the parties of the second part may terminate the lease hereby made before the expiration of the term, by purchasing said real estate at forty thousand dollars ($40,000.00). Thirty days' notice in writing of such intention to be given to the parties of the first part. * * * If the parties of the second part shall make default in respect to any of the provisions, covenants, and conditions of this agreement binding upon them, the said parties of the first part, after 30 days' notice to said parties of the second part of the existence of such default, may, if such default shall not be made good within 30 days after such notice, time being of the essence of this provision, cancel and annul this agreement, or may at their option terminate the lease hereby made, and require the immediate purchase of said real estate by the parties of the second part for the sum of forty thousand dollars ($40,000.00), or the parties of the first part may at their option re-enter and take possession of said real estate without working a forfeiture of the rents to be paid and the covenants to be kept by the said parties of the second part hereunder."

Section 293 of the general tax law (Laws 1906, p. 1449, c. 532), being part of the mortgage tax law, reads as follows:

"Sec. 293. Recording Tax.—A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured by mortgage of real property situate within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article."

Section 290 of said act, last sentence, reads as follows:

"Executory contracts for the sale of real property under which the vendee has or is entitled to possession shall be deemed to be mortgages for the purposes of this article and shall be assessed at the amount unpaid on such contracts."

The only question seriously presented on the argument of the demurrer is whether or not said agreement is an executory contract for the sale of real property under which the vendee has possession. If so, it is taxable. If not, it is nontaxable..

Plaintiffs claim that the agreement should be resolved into two distinct contracts, a lease of the real estate therein described for five years and an executory contract for the sale thereof at the end of five years, and that they are in possession under the lease, and not under the executory contract of sale. But the contract is clearly one of lease and purchase, so blended as to be inseparable, and the plaintiffs are entitled to possession under the contract. The principal object of the contract is to bind both parties to an ultimate sale. The vendees may close the purchase of the real estate at any time on 30 days' notice. If they make default, the vendors may, on 30 days, notice, require the immediate purchase of the real estate. At the end of 5 years vendors are bound to sell and vendees to purchase the premises for $40,000. What weight can be given to the fact that the annual payments are styled "an annual rental"? The court looks beyond the terms of the instrument, disregards forms, and considers the real transaction. The parties cannot, by a discriminating use of legal terms, render this instrument anything but an indivisible contract within the provisions of the tax law.

But plaintiffs say that they might have separated the lease from the contract of sale, and tendered two instruments for record separately, and neither would have been subject to taxation, because leases are not taxable, and, as possession would be under the lease, the contract of sale would not be taxable. They might not easily so separate the contract of the lease and sale and still preserve the rights and obligations of the parties as defined by the contract before us. But, assume that they had so drawn their papers; would the executory agreement for the sale of the real estate be nontaxable? A deed, although absolute on its face, when given as security only, is a mortgage by operation of law. Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163. Such a deed might escape taxation as a mortgage, although the grantor gave at the same time a separate defeasance agreement providing for reconveyance of the property upon payment of the mortgage debt; but would it not be subject to the tax law as a mortgage, and so taxed, if the nature of the transaction were known?

The law does not favor the ingenious scrivener, but looks to the legislative intention as the only guide in interpreting tax laws. The court cannot extend the fair meaning of the law so as to include things not named or described as subjects of taxation; neither will it permit parties to give new names to old forms and thus escape the letter of the law. As well say that deeds with separate defeasance agreements are not mortgages as to say that the instrument here tendered for record is not an executory agreement for the sale of real estate under which the vendee has possession.

Demurrer sustained.