In the Matter of RALPH ROGERS et al., as Executors of CHARLES B. ROGERS, Deceased, et al., Appellants, against MARK GRAVES et al., Constituting the State Tax Commission, Respondents.

Argued November 23, 1938; decided January 10, 1939.

*Arthur L. Evans* for appellants. The bank became entitled to possession and took possession as lessee under the lease, and not as vendee or in any other capacity under the executory contract of sale; and at no time will the bank or its assignee be or become entitled to possession under the executory contract of sale. (*Wagner* v. *Gaudig & Blum Corp.*, 223 App. Div. 254; *Darby* v. *Callaghan*, 16 N. Y. 71; *Halsted* v. *Globe Indemnity Co.*, 258 N. Y. 176; *Atterbury* v. *Bank of Washington Heights*, 241 N. Y. 231; *Fleischman* v. *Furgueson*, 223 N. Y. 235; *Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487; *Daniel Holding Corp.* v. *234 West 42nd St. Corp.*, 255 App. Div. 8; *Berry* v. *Stuyvesant*, 245 App. Div. 516; *Rosenthal Paper Co.* v. *Nat. Folding B. & P. Co.*, 226 N. Y. 313; *Rae Co.* v. *Courtney*, 250 N. Y. 271; *Bostwick* v. *Frankfield*, 74 N. Y. 207; *New York Building Loan Banking Co.* v. *Keeney*, 56 App. Div. 538; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601.) The instrument is not subject to a mortgage tax under article 11 of the Tax Law (Cons. Laws, ch. 60). (*People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *Iselin* v. *United States*, 270 U. S. 245.)

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig* of counsel), for respondents. The written instrument is a single, inseparable contract under which the bank was in possession of the property and was the vendee of an executory contract of sale. (*White* v. *Walsh*, 62 Misc. Rep. 423; *Charles* v. *Scheibel*, 128 Misc. Rep. 275; 221 App. Div. 816; *Ostrander* v. *Livingston*, 3 Barb. Ch. 416; *Carney* v. *Pendleton*, 139 App. Div. 152; *Bullock* v. *Cutting*, 155 App. Div. 825; *Hyde* v. *Booraem & Co.*, 16 Pet. 169; *People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326.)

LOUGHRAN, J. Article 11 of the Tax Law (Cons. Laws, ch. 60) provides that upon the recording within this State of every mortgage of real property there shall be payable a tax of fifty cents for each one hundred dollars of the principal secured thereby (§§ 253, 257). For the purposes of this tax, an executory contract for the sale of real property " under which the vendee has or is entitled to possession " is deemed to be a mortgage and is taxable at the amount unpaid thereon (§ 250). This controversy is one as to the scope of these provisions.

The facts upon which the issue arises are undisputed. In 1922, the First National Bank of Utica (which we shall call the Bank) desired to acquire certain real estate in the city of Utica as a site for a new banking house. The owners of the property held it for sale at $800,000. This sum the Bank was not ready to pay, " but it was willing to lease the properties for a long term of years and erect its building thereon during the term providing it could purchase the land at the end of the term at its specified cost." The trustees of the estate of Elizabeth B. Rogers " considered the situation as a favorable opportunity for securing an exceptionally safe and profitable long term investment." They bought the property for $800,000 and made a written agreement with the Bank which may be sufficiently outlined as follows: The trustees " let and demised " the property to the Bank " from the 15th day of July, one thousand nine hundred and twenty-two, for and during and until the full end and term of ninety-nine years thence next ensuing and fully to be complete and ended." The Bank agreed to pay " for the use of said property, the yearly rent or sum  *  *  *  of five per centum, per annum, net, on the sum of eight hundred thousand dollars ($800,000.00) in equal quarterly payments, to wit, on the fifteenth day of July, October, January and April, in each and every of the said years, in advance." This " annual rental of forty thousand dollars ($40,000.00) " was to be net to the

trustees, "with no deduction for taxes now imposed or which may be imposed  *  *  *  during the life of this lease." The Bank also agreed to construct and maintain upon the land "leased to it" a building of the value of at least $800,000. Lastly it was stipulated that "at the end of the term of this lease," the property would be purchased by the Bank from the trustees for $800,000 and that the trustees would then sell and convey it to the Bank for that sum.

This agreement was recorded in the office of the clerk of Oneida county on September 5, 1922. The State Tax Commission has ruled that the recorded instrument "constituted an executory contract of sale under which the vendee had or was entitled to possession within the definition contained in section 250 of the Tax Law" and that the recording tax imposed by section 253 was payable accordingly. This is a certiorari proceeding to review that determination. The petitioners are the trustees of the Rogers estate, the Bank (now named First Citizens Bank and Trust Company of Utica) and First National Holding Corporation (to which the recorded instrument has been assigned by the Bank). The Appellate Division has confirmed the ruling of the State Tax Commission and the case is now here on the appeal of the petitioners.

The parties are agreed that the recorded instrument is in part an executory contract for the sale of real property. But this mere classification of the instrument does not decide the case. The fundamental question concerns the application of the following words of section 250 of article 11 of the Tax Law: "Executory contracts for the sale of real property *under which the vendee has or is entitled to possession* shall be deemed to be mortgages for the purposes of this article and shall be taxable at the amount unpaid on *such* contracts." (The emphasis is ours.) No other class of executory contracts for the sale of real property is subject to the recording tax imposed by section 253 of

article 11. We must take these sections of the statute as we find them. It is not for us to enlarge them upon any notion that the Legislature might reasonably have done so.

The recorded instrument is both a valid present lease of the property therein described and a valid executory contract for the sale thereof *in futuro*. (See *Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601.) The contract of sale is to be performed " at the end of the term " of the lease. Until that time, the Bank can have or be entitled to possession of the property only under the lease. The instrument does not say that the Bank is ever to have possession thereunder as vendee. The instrument says that (when the term of the lease is at an end) the Bank shall be entitled to a conveyance of the property upon its payment of the stated purchase price. In short, as we read the instrument, there can never come a time when the Bank can have or be entitled to possession of the property *under* the executory contract for the sale thereof. So viewed, the transaction was not reached by article 11 of the Tax Law. (Cf. *White* v. *Walsh*, 62 Misc. Rep. 423.)

The order of the Appellate Division should be reversed and the determination of the State Tax Commission annulled, with costs in the Appellate Division and in this court.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Order reversed, etc.