Foster, P. J.
This is a review under article 78 of the Civil Practice Act, of a decision of the State Tax Commission, which confirmed a determination of the County Clerk of Oneida County imposing a mortgage recording tax upon a written instrument recorded in his office. The instrument in question appears to be a lease and executory contract of sale. The county clerk acted under section 250 of the Tax Law, which provides in part: ‘ ‘ Executory contracts for the sale of real property under which the vendee has or is entitled to possession shall be deemed to he *522 mortgages for the purposes of this article and shall he taxable at the amount unpaid on such contracts ”.
The instrument provided for the lease and sale of real property in the city of Utica, New York. By its terms petitioner-appellant, as the tenant, is to pay rental in the sum of $15,000 a year for twenty years. The sale part of the agreement provides that, for the consideration of $1 and the performance of the terms of the lease by the tenant, the landlords will convey the premises in fee simple to the tenant at the expiration of the term of the lease. The agreement specifically provides: “It is the intent of the parties that the expression ‘ expiration of the term of this lease ’ as referred to herein shall mean that date on which the total rent reserved herein has been paid to the Landlords or their agents ”. A deed of the premises was executed concurrently with the execution of the agreement and deposited in escrow with the Oneida National Bank and Trust Company of Utica, New York as agent for the landlords.
Under the terms of the agreement petitioner-appellant is required to pay all taxes and assessments levied against the premises, to carry fire insurance in an amount not less than $112,000, and to pay for all repairs and other operating expenses. He may make major structural changes to the premises without the consent of the landlords. The latter agree not to encumber the premises during the life of the agreement.
It is the contention of petitioner-appellant that he is in possession of the premises under a lease thereof, and not under an executory contract of sale, and hence that section 250 of the Tax Law does not apply. The respondent Tax Commission has ruled that the instrument was an executory contract of sale, taxable at its full amount. This ruling in effect determined that petitioner-appellant, while in possession, was paying the purchase price of the property under the guise of rent.
It is quite clear that the taxing authorities of the State are not bound by labels and may look to the actualities of a situation (Matter of N. Y. World-Telegram Corp. v. McGoldrick, 298 N. Y. 11). Tax liability may not be evaded by the form of a contract alone (Higgins v. Smith, 308 U. S. 473; Helvering v. Clifford, 309 U. S. 331), or by the name given to payments (Matter of Calder v. Graves, 261 App. Div. 90, affd. 286 N. Y. 643).
With these principles in mind it should be noted from the language quoted of that portion of the agreement which defines the expiration of the term, the reasonable conclusion can be drawn that petitioner-appellant may terminate the lease at any time upon payment of the rent reserved, and thereupon demand *523 his deed. That he may not do so, or probably will not do so, is immaterial so far as the legal issue is concerned. The significant thing is that he has the power to do so. Hence he is entitled to a deed to the premises in fee simple at any time the total rent reserve is paid. He does not have to await the expiration of the lease period of twenty years.
Moreover it is obvious on the face of it that the rent reserved is in effect the purchase price of the premises, or at least includes the purchase price with interest. While it is the contention of the parties to the instrument that the transfer of title will be by way of gift, this contention does not square with the language of the agreement itself, because the agreement specifically provides that the consideration for transfer of title is the performance of the terms of the lease, which of course includes the payment of sums specified as rent. It follows we believe that the respondent Tax Commission had a sound basis for its determination that petitioner-appellant was in possession under an executory contract of sale (White v. Walsh, 62 Misc. 423). The conditions of lease and purchase are inseparably blended, and petitioner may not at his option separate them so as to avoid tax liability. He relies very strongly upon the case of Matter of Rogers v. Graves (279 N. Y. 375) to support his position, but the facts are clearly distinguishable. In that case a bank took a ninety-nine year lease of premises and paid a yearly rental therefor amounting to 5% of the purchase price of $800,000. It was agreed that at the end of the lease period the bank would buy and the landlord sell the premises in question for the price indicated. The annual rental of $40,000 formed no part of the ultimate purchase price, and there was nothing in the case to impugn the claim that the bank was in possession as a tenant paying actual rent for occupation. The only real similarity between that case and the one at bar is the fact that the rental specified here amounts to 5% annually of $300,000.
In view of the foregoing we think the respondent Tax Commission’s determination has support in the record and a reasonable basis in law. That being so our power to review the determination further does not exist (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104).
The determination should be confirmed, with $50 costs and disbursements.
Heffernan, Brewster, Santry and Bergan, JJ., concur.
Determination confirmed, with $50 costs and disbursements.