■ NORTHEAST LEASING, Appellant, v JON-RAC ASSOCIATES, Respondent.—In an action for specific performance of an option to purchase real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered August 10, 1987, which denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, with costs, the defendant's cross motion is denied, and the plaintiff's motion is granted.

The defendant Jon-Rac Associates (hereinafter Jon-Rac) is a commercial developer. In early 1983 a portion of a building Jon-Rac owned on Fifth Avenue in Ronkonkoma, New York, became vacant and it was placed on the rental market. Contemporary Computer Services, Inc. (hereinafter CCSI), began negotiating with Jon-Rac and eventually the terms of a lease were agreed upon. The parties also agreed to a purchase option agreement whereby CCSI could buy the premises at some future date.

The three major shareholders of CCSI were Richard De-Francis, John Riconda and Milton Gee each of whom owned 40 shares. The remaining 10 shares were owned by a company, Data Conversions, which was CCSI's chief customer. Prior to the execution of the lease and option agreement, CCSI's accountant advised the three major shareholders "that since the lease contained an option to purchase * * * it would be disadvantageous from an income tax standpoint of view to proceed with the agreement in the name of the corporation". He advised the shareholders to form a partnership which would execute the lease and option agreement although CCSI would be the actual occupant of the premises. Thereafter DeFrancis, Riconda, and Gee formed Northeast Leasing (hereinafter Northeast) as equal partners. Jon-Rac concedes that it was told that Northeast would be the party executing the lease and the option agreement, but that CCSI would be the actual occupant of the premises.

Jon-Rac consented to this arrangement and on October 18, 1983, the lease and option agreement were signed. Pursuant to condition two of the option agreement, "this option may not be exercised by the party of the Second Part [, i.e., Northeast] * * * while Tenant or any assignee is not in actual possession or occupancy of the premises". Northeast was the only entity named in the lease or purchase agreement. Neither document made any reference to CCSI.

In January 1985 John Riconda and Milton Gee purchased the CCSI shares of Richard DeFrancis and Data Conversions, leaving Riconda and Gee the sole shareholders of the corporation. Subsequently, Riconda and Gee withdrew as partners in Northeast, leaving DeFrancis the sole remaining partner. In August 1985, Northeast, through its attorneys, attempted to exercise the option to purchase. The offer was rejected by Jon-Rac on the ground that Northeast was in violation of that section of the option agreement which required it to be in actual possession of the premises in order to exercise the option. Northeast then commenced this action for specific performance and in March 1987 moved for summary judgment. Jon-Rac cross-moved for summary judgment dismissing the complaint.

In denying Northeast's motion and granting Jon-Rac's cross motion to dismiss, the Supreme Court relied heavily on the fact that DeFrancis was no longer a shareholder of CCSI and Riconda and Gee had withdrawn as partners in Northeast. "[B]efore the option to purchase was exercised, the partnership was dissolved, and any connection between the actual tenant, CCSI, and the partnership was dissolved. With this separation of identity, any obligation under the lease on the part of the landlord to permit Northeast Leasing to exercise the option ceased since Northeast Leasing was no longer the alter ego of the actual tenant in possession". The court noted that if Northeast and CCSI "had remained basically one entity, this court, after fact finding, may have enforced the option to purchase". The court concluded that the plaintiff was unable to exercise the option since, "in 1985, Northeast Leasing was not in actual possession and Northeast Leasing was a completely separate entity from CCSI".

While we agree with the Supreme Court that Northeast was not in actual possession at the time it attempted to exercise the option, we conclude that Jon-Rac, by its conduct, waived that portion of the option agreement which required the plaintiff to be in actual possession. In allowing Northeast to sign the lease and option agreement knowing full well that CCSI would be the actual occupant of the premises, Jon-Rac exhibited behavior which constituted a "voluntary and intentional abandonment of a known right" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184, *rearg denied* 57 NY2d 674; *Gresser v Princi,* 128 AD2d 752, *lv dismissed* 70 NY2d 693; *City of New York v State of New York,* 40 NY2d 659, 669). Here Jon-Rac was aware that Northeast would never be the tenant in actual possession. The

defendant claims that it considered Northeast and CCSI a "single entity" based on Northeast's assurances that the partnership and the corporation were controlled by the same people. However, nowhere in the option agreement is it stated that the option will become ineffective if the shareholders of CCSI and the partners of Northeast do not remain identical. It must be presumed that the parties intended the option agreement to be valid at the time of execution. Since Jon-Rac knew that Northeast would never be the tenant in actual possession a finding that Jon-Rac did not waive that section of the agreement, which required actual possession in order to exercise the option, would result in an illusory agreement. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.