■ CINEMA DEVELOPMENT CORPORATION, Appellant, v Two

THIRTY EIGHT REALTY CORP. et al., Respondents.—In an action, *inter alia,* for specific performance of an option to purchase contained in a commercial lease of real property, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), dated October 12, 1988, as denied that branch of its motion which was for partial summary judgment on the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for partial summary judgment on its first cause of action is granted.

In this matter, the lease provided that the plaintiff tenant was entitled to exercise an option to purchase the premises provided that it had complied with all the terms and conditions set forth in the lease. The defendant landlords seek to defeat the plaintiff's exercise of the option to purchase by claiming that the plaintiff is in default of the lease by failing to comply with its terms. The plaintiff claims that the failure to give notice of any alleged default precludes the landlords from relying on any default to defeat the exercise of the option. We agree.

Construing the terms of the lease against the drafter *(see, Mazzola v County of Suffolk,* 143 AD2d 734), we find that the provision of the lease governing default requires that the tenant be given written notice of any default in its performance of any covenant in the lease before the landlords act on it. We conclude that this notice provision is a condition precedent to the landlords' ability to use a default as a reason to deny the plaintiff's rights under the lease, including the plaintiff's option to purchase. Accordingly, the plaintiff should have been granted specific performance of the option to purchase since it is undisputed that no written notice of default was given.

We have considered the remaining contentions of the parties and find them to be either unpreserved for our review *(see, Schoonmaker v State of New York,* 94 AD2d 741) or without merit. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.