■ CURRY ROAD, LTD., Respondent, v ROTTERDAM REALTIES, INC., et al., Appellants. [600 NYS2d 339] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered July 24, 1992 in Schenectady County, which, *inter alia,* granted plaintiff's motion for partial summary judgment ordering defendant Clark Trading Corporation to convey title of the subject property to plaintiff.

In 1964 defendant Rotterdam Realties, Inc. leased certain real property in the Town of Rotterdam, Schenectady County, to Donnelly & Suess Properties, Inc. for a term of 30 years. Through a series of assignments, plaintiff became the lessee. Article XII of the lease granted the tenant an option to purchase the leased property for the sum of $120,000 upon written notice to the landlord and further provided that the closing was to be held within 90 days following the date that the tenant exercised the option. By letters dated October 15, 1990 and November 15, 1990, plaintiff notified defendants that it was exercising its option to purchase the property under the lease. On November 28, 1990 defendants wrote to plaintiff advising that because plaintiff was in default of the lease by permitting the property to be damaged by environmental contamination, plaintiff had no legal rights under the option provision. As a consequence, plaintiff commenced this action against defendants for, *inter alia,* specific performance of the option agreement. Defendants answered, counterclaiming for breach of the lease. Plaintiff moved for partial summary judgment for specific performance of the purchase option, which Supreme Court granted, and this appeal ensued.

There must be an affirmance. At the outset we note that the option in the lease is absolute without any conditions save the time requirements for its exercise which are not at issue here. It is well established that absent an express provision conditioning the exercise of an option to purchase on the performance of the terms of a lease, the option and the lease are deemed separate and independent of one another and a breach of the latter has no effect on the rights afforded by the former *(see,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 20:4, at 115-116 [3d ed]). Accordingly, plaintiff was entitled to exercise its rights under the option despite the alleged default on its part.

Moreover, the lease at bar provides that in the event of any default, upon written notice thereof, the landlord may termi-

nate the lease. Defendants did not give written notice of the alleged default and cannot, therefore, use "default as a reason to deny the plaintiff's rights under the lease, including the plaintiff's option to purchase" *(Cinema Dev. Corp. v Two Thirty Eight Realty Corp.,* 149 AD2d 648, 649).

As a final matter, we do not find that Supreme Court erred in denying defendants' request that plaintiff be required to post a bond. Supreme Court is vested with wide discretion in imposing conditions upon the grant of partial summary judgment, including the posting of a bond *(see, Stigwood Org. v Devon Co.,* 44 NY2d 922; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:32, at 340). We find no abuse of that discretion in the circumstances of this case. Defendants' remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.