■ 2M REALTY CORP. et al., Respondents, v ROBERT BOEHM, Appellant. [612 NYS2d 207] —In an action, *inter alia,* to compel

specific performance of an option to purchase real property, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated August 10, 1992, which consolidated the defendant's summary holdover proceeding with this action; granted the plaintiff's motion, *inter alia,* for summary judgment; denied the defendant's cross motion, *inter alia,* for summary judgment; and dismissed the defendant's summary holdover proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly treated the plaintiffs' motion and the defendant's cross motion as motions for summary judgment. In their respective motion papers and during the arguments at the hearings on the continuation of the temporary restraining order, all of the parties sought summary judgment and submitted proof which clearly indicated that they were " 'deliberately charting a summary judgment course' " *(Mihlovan v Grozavu,* 72 NY2d 506, 508, quoting *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *Patten Corp. v Association of Prop. Owners,* 172 AD2d 996).

The option agreement is a valid and enforceable contract which satisfies the Statute of Frauds *(see,* General Obligations Law § 5-703; *Kaplan v Lippman,* 75 NY2d 320, 324). Moreover, it is sufficiently definite to be enforceable because it sets forth material terms *(see, Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88, 91; *Kaplan v Lippman,* 75 NY2d, *supra,* at 324; *Marder's Nurseries v Hopping,* 171 AD2d 63, 68-75). While the option agreement does not contain any dates certain for the execution of the contract or for the closing of title, it does not provide that time is of the essence. Thus, the parties are given a reasonable time to tender performance *(see, Grace v Nappa,* 46 NY2d 560, 565; *Lang v Blumenthal,* 203 AD2d 252; *Lieberman Props. v Braunstein,* 134 AD2d 55, 59).

When the defendant tendered a proposed contract in February 1992, after the plaintiffs purportedly exercised the option, both parties waived the condition contained in the option agreement that a contract of sale, a mortgage, and a note be prepared within 60 days of the date notice was given to the parking lot tenant (apparently sometime in 1986) *(see, Atkin's Waste Materials v May,* 34 NY2d 422, 426-427; *Northeast Leasing v Jon-Rac Assocs.,* 141 AD2d 620).

The Supreme Court properly determined that the defendant failed to give proper notice of the plaintiffs' alleged defaults in complying with the notice provision of the option agreement.

The defendant, therefore, cannot use the plaintiffs' alleged defaults to vitiate the plaintiffs' right to exercise the option *(see, D. A. D. Rest. v Anthony Operating Corp.,* 139 AD2d 485, 486; *see also, Curry Rd. v Rotterdam Realties,* 195 AD2d 780, quoting *Cinema Dev. Corp. v Two Thirty Eight Realty Corp.,* 149 AD2d 648, 649). We note that many of the alleged defaults were de minimis and that the defendant failed to demonstrate any prejudice which would stem from the enforcement of the option. Moreover, the plaintiffs presented evidence of large expenditures on the property in anticipation of their exercise of the option *(see, Hirsch v Lindor Realty Corp.,* 63 NY2d 878, 881; *Restoration Realty Corp. v Robero,* 58 NY2d 1089, 1091; *Weissman v Adler,* 187 AD2d 647).

We have considered the defendant's remaining contention and find it to be without merit *(see, e.g., Restoration Realty Corp. v Robero,* 58 NY2d, *supra,* at 1090; *Tayeh v Frederick,* 180 AD2d 728, 729). Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.