■ CENTURY 21 VOLPE REALTY, INC., Appellant, v JHONG KIM, Respondent. [647 NYS2d 552] —In an action to recover a real estate brokerage commission, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated May 8, 1995, which reversed a judgment of the Civil Court of the City of New York, Richmond County (Ponterio, J.), entered December 3, 1992, which was in favor of the plaintiff and against the defendant in the principal sum of $48,000, and dismissed the complaint.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, and the judgment of the Civil Court is reinstated.

The evidence adduced at trial established that the agreement for the sale of real estate (hereinafter the agreement) included the signatures of the defendant seller and the buyer, the purchase price, the address of the property, a closing date, and the terms of the purchase money mortgage that was to be held by the defendant. Moreover, the defendant testified that he agreed to those terms at the time of the signing of the agreement. Accordingly, the Civil Court correctly found that the agreement contained all the essential terms to be considered a valid and enforceable contract (see, General Obligations Law § 5-703 [2]; *160 Chambers St. Realty v Register of City of N. Y.,* 226 AD2d 606; *2M Realty Corp. v Boehm,* 204 AD2d 620).

The record further supports the Civil Court's finding that the defendant willfully breached the agreement and thus caused the failure of the transfer of title to the property at issue. Under these circumstances, the plaintiff is entitled to its commission (see, *Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 43; *Graff v Billet,* 64 NY2d 899, 901; *Kaplon-Bello Assocs. v Tae Hee Kim,* 145 AD2d 413). Accordingly, the order of the Appellate Term is reversed, and the judgment of the Civil Court is reinstated. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.