■ I.J. LITWAK AND CO., INC., Respondent, v GENERAL SIGNAL CORPORATION O-Z GEDNEY DIVISION, Appellant. [741 NYS2d 426] —In an action to recover damages for breach of a commercial lease, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated April 5, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the complaint is dismissed.

It is well settled that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any issues of material fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Here, the lease required written notice of a default and time to cure as a condition precedent to a lawsuit for damages, and the affidavit of the defendant's former vice-president of finance established that the defendant did not receive written notice from the plaintiff concerning the claims at issue in this lawsuit. The plaintiff's opposing papers failed to raise a triable issue of fact as to whether the plaintiff provided the defendant with written notice of the default on the lease. Specifically, it failed to submit any document that constituted written notice of default and time to cure. Thus, the plaintiff cannot sue for damages based upon the alleged default (*see 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732; *2M Realty Corp. v Boehm*, 204 AD2d 620; *Curry Rd. v Rotterdam Realties*, 195 AD2d 780; *Cinema Dev. Corp. v Two Thirty Eight Realty Corp.*, 149 AD2d 648). Accordingly, the Supreme Court should

have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not address the defendant's remaining contentions. Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.