■ SHARPER PROPERTIES ENTERPRISES, INC., Respondent-Appellant, v HUBBARD SAND & GRAVEL, INC., et al., Appellants-Respondents. [785 NYS2d 89]—

In an action, inter alia, for specific performance of an option to purchase real property and pursuant to RPAPL article 15, for

a judgment declaring that the plaintiff has an easement by necessity over property owned by the defendant Hubbard Sand & Gravel, Inc., (1) the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 10, 2003, as denied their cross motion for summary judgment dismissing the third cause of action and the plaintiff cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment on its first and third causes of action, and (2) the defendants appeal from an order of the same court dated July 30, 2003, which granted the plaintiff's motion for leave to renew that branch of its prior motion which was for summary judgment on the third cause of action and, upon renewal, granted that branch of the motion to the extent of compelling specific performance of the option without an abatement of the purchase price.

Ordered that the order dated April 10, 2003, is affirmed; and it is further,

Ordered that the order dated July 30, 2003, is affirmed; and it is further;

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendants' contention, the Supreme Court correctly denied their cross motion for summary judgment dismissing the third cause of action for specific performance of an option to purchase real property and, upon renewal, granted that branch of the plaintiff's motion which was for summary judgment on that cause of action to the extent of compelling specific performance of the option without an abatement of the purchase price. Under the circumstances, the lease for the subject premises and the option to purchase regarding the same premises must be considered together (*see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188 [1941]; *BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850 [1985]; *Grossman v Laurence Handprints-N.J.*, 90 AD2d 95 [1982]; *Flemington Natl. Bank & Trust Co. v Domler Leasing Corp.*, 65 AD2d 29 [1978], *affd* 48 NY2d 678 [1979]; *cf. Rudman v Cowles Communications*, 30 NY2d 1). When these instruments are considered together, it is clear that the option was supported by consideration (*see Tarallo v Norstar Bank*, 144 AD2d 157 [1988]; *Matter of Rogers v Graves*, 254 App Div 467 [1938], *revd on other grounds* 279 NY 375 [1939]; *Bullock v Cutting*, 155 App Div 825 [1913]), and is not barred by the rule against perpetuities (*cf. Jarecki v Shung Moo Louie*, 95 NY2d 665 [2001]). Furthermore, the plaintiff's alleged default did not impair its ability to exercise the option (*see Curry Rd. v Rotterdam Realties*, 195 AD2d 780 [1993]; *Cinema Dev. Corp. v Two Thirty Eight Realty Corp.*, 149 AD2d 648 [1989]).

Contrary to the plaintiff's contention, the Supreme Court correctly denied that branch of its motion which was for summary judgment on its first cause of action, pursuant to RPAPL article 15, for a judgment declaring that it had an easement by necessity over the property owned by the defendant Hubbard Sand & Gravel, Inc. An issue of fact exists as to whether an easement is strictly necessary to the beneficial enjoyment of the subject premises (*cf. Turner v Baisley*, 197 AD2d 681 [1993]; *Van Schaack v Torsoe*, 161 AD2d 701 [1990]).

The parties' remaining contentions are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.