■ SHERWOOD KENDALL, Appellant, v BEVERLY BROWN KENDALL, Respondent. [897 NYS2d 651]—

In a matrimonial action in which the parties' marriage was annulled by judgment entered June 7, 2005, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated December 17, 2008, as denied that branch of his cross motion which was to enforce a provision of the parties' stipulation of settlement which required the defendant former wife to place a marital investment property on the open market for sale and determined that the marital investment property was the property of the defendant former wife.

Ordered that the order is affirmed insofar as appealed from, with costs.

While the plaintiff former husband would have been entitled to enforce strict compliance with the parties' stipulation of settlement by requiring that a marital investment property be placed on the open market for sale (*see Kendall v Kendall*, 44 AD3d 827 [2007]), the former husband waived that right by accepting the defendant former wife's late tender of payment for his interest in the property (*see Ballston Ave. Dev. v Wolf*, 45 AD3d 1032, 1033 [2007]; *Northeast Leasing v Jon-Rac Assoc.*, 141 AD2d 620, 621 [1988]; *see also Kistela v Ahlers*, 22 AD3d 641, 642-643 [2005]; *Stefanelli v Vitale*, 223 AD2d 361, 362 [1996]; *see generally Nassau Trust Co. v Montrose Concrete*

*Prods. Corp.*, 56 NY2d 175, 184 [1982]). Since the former wife otherwise complied with her obligation under the stipulation with respect to purchasing the former husband's interest in the property, the Supreme Court correctly denied that branch of the former husband's cross motion which was to enforce the provision of the parties' stipulation of settlement which required the former wife to place the marital investment property on the open market for sale and properly determined that the marital investment property was the property of the former wife. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.