■ RENAISSANCE EQUITY HOLDINGS, LLC, Appellant-Respondent, v AL-AN ELEVATOR MAINTENANCE CORPORATION,

Also Known as AL'AN ELEVATOR CORP., Respondent-Appellant, et al., Respondents. [993 NYS2d 563]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 2, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss so much of the second cause of action as sought to recover consequential damages and to dismiss the fifth cause of action, and the defendant Al-An Elevator Maintenance Corporation, also known as Al'An Elevator Corp., cross-appeals from so much of the same order as denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the entire second cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2006, the parties entered into a 10-year contract wherein the defendant Al-An Elevator Maintenance Corporation, also known as Al'An Elevator Corp. (hereinafter Al-An), agreed to maintain and repair elevators at a residential complex owned by the plaintiff. In 2011, Al-An's principal, the defendant Lawrence Flood, sent a letter to the plaintiff informing it that Al-An would no longer provide elevator maintenance services pursuant to the contract. In the letter, Flood asserted that the plaintiff failed to maintain the premises in a safe and sanitary condition by, among other things, allowing raw sewage to accumulate in the basement of the premises, which jeopardized the health of Al-An's maintenance workers. The plaintiff thereafter commenced this action alleging, inter alia, breach of contract, conversion, unjust enrichment, and fraud. The defendants subsequently moved pursuant to CPLR 3211 (a) to dismiss the complaint, resulting in the issuance of three orders by the Supreme Court, the last of which the parties appeal from.

As relevant to the instant appeal and cross appeal, on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction (see CPLR 3026). A court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable

inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]). Additionally, under CPLR 3211 (a) (1), dismissal based on documentary evidence will be warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claim as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Scadura v Robillard*, 256 AD2d 567 [1998]).

Contrary to Al-An's contention, the Supreme Court did not err in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the entire second cause of action, which alleged breach of contract. As the court found, the allegations regarding Al-An's allegedly unjustified refusal to perform its obligations under the elevator maintenance agreement sufficiently stated the requisite elements of a breach of contract cause of action (*see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]). Additionally, contrary to Al-An's contention, the notice and opportunity to cure provision of the agreement did not conclusively establish a defense to this cause of action as a matter of law (*see* CPLR 3211 [a] [1]). Al-An contended that the plaintiff was required to comply with the notice and opportunity to cure provision of the agreement as a condition precedent to the assertion of a breach of contract cause of action (*see I.J. Litwak & Co. v General Signal Corp. O-Z Gedney Div.*, 293 AD2d 713 [2002]; *cf. Ashkenazi v Kent S. Assoc., LLC*, 51 AD3d 611 [2008]). However, this provision of the agreement did not "resolve[ ] all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff's claim" (*Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009] [internal quotation marks omitted]), as Al-An's alleged unjustified refusal to provide elevator maintenance services may have excused the plaintiff from complying with the condition precedent (*see Accadia Site Contr., Inc. v Erie County Water Auth.*, 115 AD3d 1351, 1353 [2014]; *Boston Concessions Group v Criterion Ctr. Corp.*, 200 AD2d 543 [1994]; *see also American List Corp. v U.S. News & World Report*, 75 NY2d 38 [1989]; *Isacowitz v Halpern Constr., Inc.*, 73 AD3d 565 [2010]). In any event, the defendants' documentary evidence did not conclusively establish that the plaintiff failed to comply with the condition precedent as required under the circumstances of this case (*see Suarez v Ingalls*, 282 AD2d 599 [2001]; *Baker v Norman*, 226 AD2d 301 [1996]).

However, given the clear and unambiguous language of the limitation on liability provision in the agreement (*see Metropoli-*

*tan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 436 [1994]; *Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d 386 [2003]), and the plaintiff's failure to allege that special damages "were foreseeable and within the contemplation of the parties at the time the contract was made" (*American List Corp. v U.S. News & World Report*, 75 NY2d at 43), that part of the second cause of action which sought to recover consequential damages was properly dismissed (*see generally 155 Henry Owners Corp. v Lovlyn Realty Co.*, 231 AD2d 559 [1996]).

We find unpersuasive the plaintiff's contention that the Supreme Court erroneously granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the fifth cause of action, which alleged fraud. "Where a claim to recover damages for fraud is premised upon an alleged breach of contractual duties, and the allegations with respect to the purported fraud do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie" (*Fromowitz v W. Park Assoc., Inc.*, 106 AD3d 950, 951 [2013]; *see Stangel v Zhi Dan Chen*, 74 AD3d 1050 [2010]; *Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755 [2009]). Here, the complaint and the accompanying affidavits alleged that the individual defendants made knowingly false statements that the subject elevators would be promptly repaired and properly maintained, and that any governmental violations that were issued with regard to them would be resolved and closed. However, the parties' agreement, as referenced by the defendants in support of their motion, "conclusively established that the alleged fraudulent misrepresentations at issue were not collateral or extraneous to the contract. Rather, the alleged misrepresentations amounted only to a misrepresentation of the intent or ability to perform under the contract" (*Gorman v Fowkes*, 97 AD3d 726, 727 [2012]). Accordingly, dismissal with respect to the fifth cause of action was properly granted (*see Fromowitz v W. Park Assoc., Inc.*, 106 AD3d at 951-952; *Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d at 758).

The parties' remaining contentions are without merit. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.