Lucky Gene COMPTON, Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.

Civ. A. No. 77–0408–A.

United States District Court, W. D. Virginia, Abingdon Division.

Dec. 5, 1979.

---

Robert T. Copeland, Abingdon, Va., for plaintiff.

Michael M. Mullins, Mullins, Winston & Roberson, Norton, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff has filed this suit to collect on a homeowner's insurance policy issued by defendant. The subject of the policy, a house located in Scott County, Virginia, was destroyed by fire on July 2, 1977. Jurisdiction is predicated upon diversity of citizenship and more than Ten Thousand Dollars ($10,-000.00) in controversy, exclusive of interests and costs. 28 U.S.C. § 1332. The case was heard by a seven-member jury on May 14, 1979, at Big Stone Gap, Virginia; however, at the conclusion of the evidence, both plaintiff and defendant moved the court for a directed verdict.[1] It was agreed and stipulated by counsel for plaintiff and defendant that no issue of fact existed for the jury to decide, since the facts were undisputed. It was further stipulated by the parties that all questions relevant to a decision as to Nationwide were matters of law to be determined by the court.

The question before the court is whether an insurance company is under a duty to advise an insured of the expiration of a fire insurance policy. Plaintiff admits that the premium on the insurance policy, due on May 6, 1977, was unpaid; however, he contends he was never billed for said policy, nor received any notice the policy had expired prior to the loss. Plaintiff's counsel argues that notice is required to be given in event of expiration by Va.Code § 38.1-371.-2, or, alternately, that the parties' previous course of dealing created a duty to give notice. Defendant, on the other hand, maintains that there is no duty arising from statutory requirements or otherwise to require notice of expiration.

The circumstances that bring this question before the court are as follows: Plaintiff's wife first made arrangements to insure the Gate City property against the hazards of fire in 1972 or 1973. Premiums were paid yearly thereafter until May 6, 1977, the expiration date of the last policy, when plaintiff failed to pay the premium. The plaintiff's address on record through-

---

1. The transcript indicates that a mistrial was declared and the case was continued to allow the plaintiff to amend its complaint to add another party to the suit. When court was in recess, the parties made the motion for a directed verdict as to defendant, Nationwide Mutual Insurance Company. Plaintiff has amended its complaint to include Jerry McMurray as defendant; this opinion concerns a question of law only as to Nationwide.

out that period, according to the insurance company's agent handling the account, was Route 3, Gate City, Virginia. The evidence establishes that plaintiff's wife had advised the agent's office in 1973 that they were moving to Michigan, and that the file folder in the agent's office had the Michigan address noted on it. Although evidence was given that no premium notices were received at the Gate City address except for the first year the property was insured,[2] the evidence also indicates it was standard practice for the insurance company to send out a premium notice twenty days before the expiration date and then to send a second notice out after the due date. The insurance agent testified he regularly receives copies of these notices and also sends a reminder after he receives the past due notice.

On or about May 6, 1977, Nationwide Insurance Company mailed to Lucky Gene Compton, at Route 3, Gate City, Virginia, a "past due notice"[3] that stated:

> We haven't received your premium payment due on the indicated date [May 6, 1977]. This is notice that the policy is cancelled ten days after receipt of this notice. Any excess premium (if not tendered) will be refunded on demand. If your payment is received before the cancellation date, the policy will be reinstated as of the date of cancellation without lapse of coverage.

The notice also indicates that a certified copy of the notice was sent to the insured on May 13, 1977. Plaintiff testified that this notice was never received, and if he had received it, he would have paid the amount due. Plaintiff's home and the contents thereof were destroyed by fire in July of 1977, after which time the plaintiff attempted to pay the premium on the policy but was refused.

Plaintiff correctly states that Virginia law requires that notice be given to a policyholder before cancellation will be effec-

tive. Va.Code § 38.1–371.2 states that "no policy or contract of fire insurance . . . shall be terminated by an insurer by cancellation except upon written notice for one of the following reasons only: (1) Failure to pay the premium for the policy when due . . . .." Va.Code § 38.1–371.2 (Cum. Supp.1979). The Code further provides that written notice of cancellation or refusal to renew a policy of insurance must be sent to the insured by registered or certified mail before the cancellation or refusal to renew is effective. Va.Code § 38.1–371.1 (Repl. Vol.1976). Plaintiff reads these sections as requiring the defendant to notify an insured when a policy has expired. The defendant allegedly failed in this duty because its agent had knowledge of the Michigan address of the plaintiff, but continued to send the notices to the address in Gate City, Virginia, which were never received by the plaintiff.

■ The Virginia Supreme Court has not decided whether an agent or an insurance company has a duty to advise an insured of the expiration of a fire insurance policy. Questions of state law presented to a federal court in a diversity case must be decided from the perspective of the highest state court, rather than from the court's own perspective. *Kline v. Wheels by Kinney, Inc.*, 464 F.2d 184 (4th Cir. 1972). In the absence of guidance by that court, "then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). A lower state court decision is not controlling but is entitled to some weight. *Id., citing King v. Order of Travelers*, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948).

■ This court, therefore, has taken into consideration an opinion on this issue by the Circuit Court of the City of Norfolk in the

---

**2.** The premiums were paid by plaintiff's daughter and sister, at the request of plaintiff, for the premiums in 1974, 1975 and 1976. Plaintiff's testimony indicates that he never received a

premium notice and simply remembered to have the premiums paid.

**3.** Exhibit A. The insurance company did not keep copies of the previous notices sent.

Fourth Judicial Circuit of Virginia.[4] In an unpublished opinion, the court notes that it is in thorough accord with the authorities submitted holding that there is no duty on an insurer or its agents or brokers to notify an insured of the expiration date of a fire policy. Those now sought to be so held complied with any such supposed duty when they showed on the face of the policy the policy period, including the specific expiration date.

*Womack v. English,* At Law No. 1–77–1883 (letter, April 19, 1979). This court finds that opinion persuasive, especially in light of the substantial authority that is in agreement with it. *See, e. g., Citta v. Camden Fire Insurance Ass'n, Inc.,* 152 N.J.Super. 76, 77, 377 A.2d 779, 780 (1977). *See also* cases cited therein.

A careful reading of the relevant statute does not require a contrary result. The terms "cancellation" and "termination" are words of art that must not be confused with "expiration." Section 38.1–371.2 requires notice when a policy is being *cancelled* within the policy period rather than notice when a policy has *expired.* Likewise, section 38.1–371.1 requires registered or certified mail to inform an insured of cancellation within the policy period or of refusal to renew a policy of fire insurance. This construction is supported by comparison of these provisions with the notice requirements for cancellation of or refusal to renew motor vehicle insurance policies. Va. Code § 38.1–381.5 (Cum.Supp.1979). The statutes are similar in design. The motor vehicle provisions include a definitional section; cancellation is defined to mean a "termination of the policy *during the policy period.*" Va.Code § 38.1–381.5(a)(2a) (Cum. Supp.1979) (emphasis added).

Plaintiff also argues that he has a right to rely upon receipt of a past due notice because of the previous course of dealing between the parties in which a past due notice would be mailed out granting the insured an extension of time to renew the policy before it was cancelled. Plaintiff's own evidence indicates that he never relied upon receipt of a past due notice to prompt him to pay the premium, except once. *See* note 2 *supra.* A single transaction does not establish a course of dealing. *Boone v. Standard Accident Insurance Co.,* 192 Va. 672, 677, 66 S.E.2d 530, 535 (1951). The premium was paid without benefit of a notice for coverage in 1974, 1975, and 1976 (the policy expiring May 6, 1977), therefore, plaintiff's argument is without merit.

For the reasons stated above, defendant's motion for a directed verdict is granted. The case is dismissed as to the defendant Nationwide, but shall remain on the docket as to the amended complaint against Jerry McMurray.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.

---

4. A notice of appeal in this case was filed on October 11, 1979.