■ V. J. GAUTIERI, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) COWPER CONSTRUCTION COMPANY, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.) [599 NYS2d 766] —Mikoll, J. P. Appeal from an order of the Court of Claims (Benza, J.), entered January 21, 1992, which, *inter alia,* granted the State's cross motion to dismiss the claims.

Claimant V. J. Gautieri, Inc. (hereinafter Gautieri) was the general contractor for the construction of St. Lawrence Psychiatric Center (hereinafter the St. Lawrence project) in St. Lawrence County. Claimant Cowper Construction Company, Inc. (hereinafter Cowper) was the general contractor for Franklin Correctional Facility (hereinafter the Franklin project) in Franklin County. Mader Construction Company (hereinafter Mader) was the subcontractor for the installation of a "gypsum wallboard suspension system" at both projects.

Before Mader submitted its bids for the St. Lawrence project and the Franklin project, the Office of General Services (hereinafter OGS) accepted Gautieri's substitution, as requested by Mader, of the Donn Drywall Suspension System (hereinafter the Donn System) for the suspension system specified in the

contract for the construction of Groveland Correctional Facility (hereinafter the Groveland project) in Livingston County. The substitution resulted in a cost savings on the job. However, OGS did not seek credit against the contract price for those savings. Subsequently, Mader submitted bids for the St. Lawrence and Franklin projects on the assumption that OGS would again allow substitution of the Donn System without requesting a credit against the contract price.

At Mader's request, Gautieri obtained from OGS approval of a substitution of the Donn System on the St. Lawrence project. OGS, however, thereafter asked for a credit of $9,272 to which Gautieri consented "under protest". The credit was reduced to $8,609 following a fact-finding hearing from which Gautieri appealed further without success.

Likewise Cowper, at Mader's request, obtained approval of the substitution of the Donn System on the Franklin project for which OGS thereafter sought a credit of $44,876. The amount of this credit was also upheld after a fact-finding hearing and Cowper's further appeal was also unsuccessful.

Gautieri and Cowper (hereinafter collectively referred to as claimants) then commenced separate claims against the State based on breach of contract. Subsequently, claimants moved and the State cross-moved for summary judgment seeking the relief each respectively requested. The Court of Claims determined, *inter alia,* that claimants did not present sufficient evidence to sustain their allegations and that OGS had the power under the contracts to condition the approval of proposed changes to a contract's specifications. The court denied claimants' motion, granted the State's cross motion and dismissed the claims.

The order of the Court of Claims dismissing the claims should be affirmed. Claimants' argument that the Donn System is an equal to the system specified in the contracts, and that the State is therefore not entitled to credit the savings against the respective contract prices, is not persuasive. Claimants failed to include in their summary judgment motions the complete contracts and specifications for the Groveland project, the St. Lawrence project and the Franklin project so as to permit factual comparison with the Donn System. Rather, the proof in this regard was merely conclusory and insufficient to entitle claimants to recovery as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The cross motion of the State was properly granted. The State made a prima facie showing of its entitlement to recov-

ery *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Section 10.1 of the contracts involved provides that "[t]he State may make changes by altering * * * the [w]ork, and adjusting the [c]ontract sum accordingly". The approvals were given with the understanding that all contract requirements would be met. There was no determination that the systems were equal. Thus, claimants failed to meet their burden of raising triable issues of fact *(see, Desco Vitro Galze v Mechanical Constr. Corp.,* 159 AD2d 760, 761-762).

Further, claimants' contention that the State's prior course of dealing with Mader requires that the State accept the Donn System as equal to the system specified in the subject contracts, and that the State should not be given any credit for the use of the Donn System, is rejected. The law is clear that a course of dealing can only be established by the previous conduct of the parties to the contract *(cf.,* UCC 1-205 [1]) and cannot be inferred from a single transaction *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 230).

In the case at bar Mader was always a subcontractor, was not named a party and, thus, had no contractual relationship with the State upon which a course of dealing could be founded. Assuming that there was a sufficient contractual relationship with the State, the State approved the Donn System in only one instance without requesting credit (the Groveland project) and a single instance without more is insufficient to create the required course of dealing with the State *(see, supra).*

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.