OPINION OF THE COURT
 

 Smith, J.
 

 Defendant Clifton-Fine Central School District paid a dealer for two buses even though it had received notice of an assignment of any payment to plaintiff General Motors Acceptance Corp. (GMAC). The principal issue here is whether Uniform Commercial Code § 9-318 (3) renders defendant liable to plaintiff assignee for payment of the two school buses even though it paid the assignor. Since issues of fact exist which preclude summary judgment, we modify the order of the Appellate Division.
 

 In July 1988, defendant Clifton-Fine Central School District contracted to purchase two GMC school buses for $81,242 from Maier-Schule GMC, Inc., a truck and bus dealership located in Buffalo. On December 12, 1988, Maier-Schule assigned to plaintiff General Motors Acceptance Corp. (assignee) "all accounts and sums due and to become due to Dealer from Clifton-Fine Central School (Purchaser) on account of the sale by Dealer to Purchaser from time to time of new GMC motor vehicles.” On January 9, 1989, defendant’s business manager acknowledged in writing receipt of the assignment and agreed to make payments for vehicles purchased from Maier-Schule in accordance with the terms of the assignment. Despite the assignment, on January 23, 1989 defendant paid the invoice for the buses by remitting an $81,242 check to Maier-Schule.
 
 *235
 
 The record does not indicate whether the dealer forwarded the proceeds to GMAC. Plaintiff, however, never registered an objection to defendant regarding this method of payment.
 

 On September 7, 1989, defendant again contracted to purchase two GMC school buses from Maier-Schule for $80,318. As before, on January 12, 1990, it paid for the buses by remitting its check to Maier-Schule. Maier-Schule failed to forward the proceeds of the check to plaintiff and it went out of business in March 1990.
 

 Plaintiff commenced this action seeking damages from defendant on the ground that defendant’s January 1990 payment to Maier-Schule constituted a breach of assignment. Following joinder of issue, both parties sought summary judgment. Supreme Court denied plaintiff’s motion, granted defendant’s motion and dismissed the complaint. Citing UCC 9-318 (3), it determined that although the debtor had knowledge of the assignment, the debtor was nonetheless justified in making payment to the assignor with respect to the second purchase contract under a classic "indirect collection” which permitted the assignor to collect moneys as the assignee elected not to enforce its rights under the assignment after purchase of the first set of buses. The Appellate Division affirmed, finding "a previous course of dealing” between the parties when GMAC permitted Maier-Schule to collect the January 23, 1989 payment from defendant without objection (199 AD2d 939, 940). The Court found defendant justified in making payments to Maier-Schule because GMAC never notified defendant of its desire that future payments be made to it.
 

 It is clear that absent notice of an assignment and notice that the debtor should pay the assignee, the account debtor is authorized to pay the assignor (UCC 9-318 [3]). UCC 9-318 (3) provides:
 

 "The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee.”
 

 Here the defendant account debtor not only received notice of the assignment but also acknowledged in writing that it had received notice and agreed to make payment to GMAC as called for by the assignment.
 

 Despite defendant’s acknowledgment of the assignment,
 
 *236
 
 however, on this record summary judgment cannot be granted to the plaintiff. Because of defendant’s payment for the first two buses to the dealer and not GMAC, and the apparent failure of plaintiff to protest or direct that payment be made to it, issues of fact exist as to whether plaintiff waived its rights under the assignment. Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable
 
 (Nassau Trust Co. v Montrose Concrete Prods. Corp.,
 
 56 NY2d 175, 184). Waiver may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage
 
 (Hadden v Consolidated Edison Co.,
 
 45 NY2d 466, 469).
 

 Plaintiff apparently never objected to Clifton-Fine’s unauthorized payment of the first contract directly to Maier-Schule nor did plaintiff object when the second contract was executed. If it can be established at trial that plaintiff had notice of this indirect payment to Maier-Schule, plaintiff may have impliedly waived the direct payment requirement under the assignment by permitting the account debtor to remit payment to the assignor over a substantial period of time
 
 (see, Allstate Fin. Corp. v Dundee Mills,
 
 800 F2d 1073 [11th Cir] [holding that although assignee established its right to collect all of debtor’s accounts receivable by complying with UCC 9-318 (3) notice requirements, assignee waived its rights by acquiescing in seven payments to assignor and not demanding reimbursement from debtor until later with an uncollectible judgment];
 
 see also,
 
 9 Anderson, Uniform Commercial Code § 9-318:13, at 363 [3d ed]).
 

 Generally, after the account debtor receives notification that the right has been assigned and the assignee is to be paid, and it continues to pay the assignor, the account debtor is liable to the assignee and the fact that payment was made to the assignor is not a defense in an action brought by the assignee. The account debtor has a responsibility to make payment to the assignee after it receives notification that the contract has been assigned and that the payment is to be made to the assignee (9 Hawkland, Lord & Lewis, UCC Series § 9-318:03).
 

 Defendant argues that the facts here represent a classic "indirect collection” situation where an account debtor is permitted to continue making payments to the assignor until it receives notice that payment should be made to the assignee. The Official Comment to UCC 9-318 (3) provides:
 

 
 *237
 
 ”3. Subsection (3) clarifies the right of an account debtor to make payment to his seller-assignor in an 'indirect collection’ situation * * *. So long as the assignee permits the assignor to collect claims * * * the account debtor may pay the assignor even though he may know of the assignment. In such a situation an assignee who wants to take over collections must notify the account debtor to make further payments to him.”
 

 This Comment applies, however, where the account debtor has notice of the assignment, but has not been instructed to make payment directly to the assignee. This situation is classically referred to as indirect collection method. Under an indirect collection method the assignee permits the assignor to collect claims under an assignment and the account debtor is permitted to pay the assignor even though he may know of the assignment. The assignment here gave both the notice of assignment and notice that payments were to be made directly to plaintiff. Thus there was no indirect collection here.
 

 Defendant argues that plaintiff waived its rights under the assignment as plaintiff’s actions established a course of dealing. However, in
 
 Rotuba Extruders v Ceppos
 
 (46 NY2d 223, 230), this Court held that a single prior purchase cannot establish a course of dealing.
 

 The order of the Appellate Division should be modified, without costs, by denying defendant’s motion for summary judgment and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order modified, etc.