(June 26, 1995)

■ ABRAMS & COMPANY, INC., Respondent, v ITS EQUIPMENT AND LEASING CORPORATION, Appellant. [628 NYS2d 784] —In an action to recover damages for breach of an assignment, the defendant appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered March 2, 1994, which denied its cross motion for summary judgment and granted the plaintiff's motion for summary judgment in the principal sum of $18,025.95.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiff's motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff-assignee entered into a financing agreement in February 1990 pursuant to which it was to receive any payments owed to the assignor by the latter's account debtors, including the defendant. The plaintiff subsequently commenced

this action to recover payments due from the defendant on 18 invoices issued by the assignor on various dates between March and August 1990. There is no dispute that the defendant paid the invoices in full but the assignor failed to forward these payments to the plaintiff. The defendant received notice of the assignment and that direct payment was to be made to the plaintiff pursuant to UCC 9-318 (3). However, the defendant contends that the plaintiff acquiesced in its direct payment to the assignor of some 96 invoices, including the 18 invoices at issue here, in the eight-month period following the assignment. Both parties moved for summary judgment, and the court granted judgment in the plaintiff's favor.

"Generally, after the account debtor receives notification that the right has been assigned and the assignee is to be paid, and it continues to pay the assignor, the account debtor is liable to the assignee and the fact that payment was made to the assignor is not a defense in an action brought by the assignee" (General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236; see also, General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894). We conclude, however, that the evidence in the record establishes that there is a triable issue of fact with respect to the defendant's claim that the plaintiff waived the direct payment requirement under the assignment by permitting the defendant to remit payments directly to the assignor over this eight-month period (see, General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., supra). Accordingly, neither party is entitled to summary judgment. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.