**REMCO EQUIPMENT SALES, INC., Plaintiff–Appellee,**

v.

**Mary K. MANZ and Edward H. Manz, III, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

March 18, 1997.

Application for Permission to Appeal Denied by Supreme Court Sept. 15, 1997.

Lloyd A. Levitt, Levitt & Levitt, Chattanooga, for Defendants–Appellants.

J. Christopher Hall, Shumacker & Thompson, P.C., Chattanooga, for Plaintiff–Appellee.

OPINION

SUSANO, Judge.

We are asked to review a portion of the trial court's judgment entered on a jury verdict. The jury found, among other things, that the plaintiff Remco Equipment Sales,

Inc. (Remco) was entitled to recover attorney fees as a result of a dispute arising out of a commercial transaction with the defendant Edward H. Manz, III (Manz). In order to resolve this dispute, we must decide if an earlier written rental agreement between the parties—one that provides for attorney fees in case of a dispute—can be used as a basis for a fee award growing out of a subsequent non-documented transaction between these same parties. The trial court ruled that it could. The jury's verdict followed. Manz appealed, raising issues that in substance present the following questions for our review:

> 1. Did the trial court err in denying Manz's motion for a directed verdict, and in subsequently allowing the jury to decide if Remco was entitled to attorney fees?
> 2. Did the trial court err in awarding Remco attorney fees of $8,250?

## I

Manz first rented the piece of equipment at issue in this case—a John Deere 655 front-end loader (loader)—in October, 1994. At that time, he signed Remco's form contract entitled "Rental Agreement", which provides in pertinent part that

> [i]n the event it is necessary for [Remco] to employ an attorney to recover this equipment or collect the rentals or damages due under this contract, [Manz] shall pay all costs that accrue, including reasonable attorney's fees.

Manz used the loader on the property of his mother, the defendant Mary K. Manz. Following this initial rental, Remco picked up the loader, and Manz paid the rent due. The parties agree that this contract was then fully performed on both sides.

On November 11, 1994, Remco again delivered the equipment to Manz at his mother's property. The Remco employee who delivered the loader brought along a "Rental Agreement" form identical to the one Manz had signed on the first rental. Manz was not present to sign the contract, so the employee left the loader and returned the unsigned

form to Remco's office. Remco apparently took no further action to secure Manz's signature.

In accordance with the parties' oral understanding that the second rental would be for a period of one month, Manz kept the loader until December 12, 1994. When Manz failed to pay for the loader or return it to Remco, the latter again picked up the equipment and sent Manz a bill for $6,416. This figure represents the rent due, plus $1,500 for claimed damage to the equipment while it was in Manz's possession. After Manz sent Remco a check for $2,241.30, apparently contending that it was in full satisfaction of his obligations under the rental [1], Remco filed a Notice of Claim of Lien on the property of the defendant Mary K. Manz, and subsequently filed this lawsuit.

Manz moved for a directed verdict at the end of Remco's proof-in-chief, and again at the close of all the proof. The trial court denied the motion on both occasions. The jury then found that Manz was obligated to pay rent in the amount of $3,400, as well as $750 to compensate Remco for damage to the loader. The jury also determined that the second rental between the parties included the terms of the written rental agreement, specifically the provision for attorney fees. This finding precipitated a non-jury hearing on fees, after which the trial judge awarded Remco attorney fees of $8,250.

Manz appealed only the award of attorney fees, insisting that he cannot be bound by the terms of a contract that he did not sign, and that the trial judge erred in denying his motion for a directed verdict on fees. Manz also argues that Remco was not the prevailing party as far as entitlement to attorney fees is concerned, because the jury's verdict of $4,150 is closer to the amount paid by Manz, i.e. $2,241.30, than the amount claimed by Remco, i.e. $6,416. In the alternative, Manz contends that the amount of attorney fees awarded by the trial judge is not reasonable, in light of the amount of the jury's

---

**1.** A dispute arose between the parties over the amount of rent that was due. Manz maintained that he had agreed to pay rent based only upon the amount of hours he actually used the machine, while Remco insisted that it had agreed to rent the loader at a flat monthly rate.

award of damages and the surrounding circumstances.

## II

In reviewing the trial court's denial of Manz's motion for a directed verdict, we are required to take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in the nonmovant's favor, and discard all countervailing evidence. *Bills v. Lindsay,* 909 S.W.2d 434, 438 (Tenn.App.1993); *Pettus v. Hurst,* 882 S.W.2d 783, 788 (Tenn.App. 1993). A directed verdict is "appropriate only when the evidence, viewed reasonably, supports [only] one conclusion." *Id.*

It is well-established that absent a statute providing for attorney fees or an agreement between the parties so providing, an award of attorney fees as part of a damage award is contrary to the public policy of Tennessee. *Owen v. Stanley,* 739 S.W.2d 782, 788 (Tenn.App.1987); *John J. Heirigs Constr. Co. v. Exide,* 709 S.W.2d 604, 609 (Tenn.App.1986); *Thayer v. Wright Co.,* 50 Tenn.App. 515, 362 S.W.2d 805, 812 (1961). In this case, there is no applicable statute providing for attorney fees; therefore, we must determine whether the second rental includes such a provision.

Each of the two rental agreement forms before us—one signed and one unsigned—clearly provides that Remco may recover reasonable attorney fees incurred in the recovery of the equipment or the collection of rent and damages. However, the contract for the second transaction, which is the relevant document here, was never signed by Manz. Thus, the question becomes whether the terms and conditions contained in that unsigned form, including the provision for attorney fees, govern the second rental agreement due to a course of dealing established between the parties as a result of the first transaction. For the reasons set forth below, we hold that they do not.

At trial, Remco contended that the prior course of dealing between the parties could be used to establish the terms and conditions of their second rental agreement. Specifically, Remco points out that Manz had signed the prior contract, which provides for attorney fees, and that an identical form had been prepared for the second rental. Therefore, according to Remco, the parties had established a course of dealing sufficient to impose the same contractual terms upon Manz for the second transaction.

We disagree with Remco's analysis. We do not believe that, under these circumstances, a single prior transaction is sufficient to constitute a "course of dealing", as contemplated by the Uniform Commercial Code (UCC). The statute, as adopted in Tennessee, defines a "course of dealing" as

a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

T.C.A. § 47–1–205(1). Although there are no Tennessee cases directly on point, other courts interpreting this provision of the UCC have noted that the "emphasis is on a sequence of events; a single transaction cannot constitute a course of dealing." *International Therapeutics, Inc. v. McGraw–Edison Co.,* 721 F.2d 488, 491 (5th Cir.1983). *Accord, e.g., Bowdoin v. Showell Growers, Inc.,* 817 F.2d 1543, 1547 n. 18 (11th Cir.1987); *Kern Oil and Refining Co. v. Tenneco Oil Co.,* 792 F.2d 1380, 1385 (9th Cir.1986); *Compton v. Nationwide Mut. Ins. Co.,* 480 F.Supp. 1254, 1257 (W.D.Va.1979); *General Motors Acceptance Corp. v. Clifton–Fine Central School Dist.,* 85 N.Y.2d 232, 623 N.Y.S.2d 821, 823, 647 N.E.2d 1329, 1331 (1995); *Unique Designs, Inc. v. Pittard Machinery Co.,* 200 Ga.App. 647, 409 S.E.2d 241, 246 (1991).

We find this authority persuasive. Therefore, we conclude that the first rental of the loader under the written agreement signed by the parties did not establish a course of dealing sufficient to bind Manz in the second transaction to the terms of the identical, but unsigned rental contract.

Remco also argues that it was not unusual in the course of its business, or in the practice of the industry, for rental contracts to remain unsigned. Even if true, these facts have no direct bearing on this case. Remco's

transactions with other parties are immaterial to its dealings with Manz. Moreover, proof of one prior transaction with Remco does not establish that Manz had knowledge of, or assented to, Remco's usual business practice.

We find that the trial judge erred in denying Manz's motion for a directed verdict on the issue of attorney fees. Viewed reasonably, the evidence supports only one conclusion—the second rental was not based on a contract between the parties providing for attorney fees. *See Pettus,* 882 S.W.2d at 788. Given our disposition of this issue, we find it unnecessary to address the questions of whether Manz was the prevailing party and whether the fees awarded were reasonable.

The judgment of the trial court awarding Remco attorney fees of $8,250 is hereby reversed. The remainder of the judgment is affirmed. Costs on appeal are assessed to the appellee. This case is remanded to the trial court for the entry of an order dismissing Remco's claim for attorney fees, and such further proceedings as may be necessary, consistent with this opinion, and for collection of costs assessed below, pursuant to applicable law.

GODDARD, P.J., and WILLIAM H. INMAN, Senior Judge, concur.