# CIRCUIT COURT OF LOUDOUN COUNTY

Rebbie de Butts

v.

Montgomery Mutual
Ins. Co. et al.

August 20, 1998

Case No. (Law) 19779

BY JUDGE JAMES H. CHAMBLIN

After consideration of the argument of counsel on August 11, 1998, and the memoranda filed herein, the plaintiff's motion for summary judgment as to Counts II and III of her Amended Motion for Judgment is denied, and the defendants' cross-motion for summary judgment is granted as to Counts II and III of the Amended Motion for Judgment and denied as to the other three counts of the Amended Motion for Judgment.

As a result of the admissions in the pleadings and discovery, the following facts are uncontroverted. The plaintiff owned a house with certain personal property therein in Loudoun County. The defendant Montgomery Mutual Insurance Company, through its local agent, the defendant Moore, Clemens & Company, issued a homeowners insurance policy on the house and such personal property for the period of March 21, 1996, to March 21, 1997. The plaintiff has not paid the premium for a policy from Montgomery for the period of March 21, 1997, to March 21, 1998. The house and the personal property therein were destroyed by fire on April 20, 1997.

The plaintiff notified the defendants of the fire loss on April 22, 1997. On April 23, 1997, the defendants refused payment of the premium for the period of March 21, 1997, to March 21, 1998.

At some unknown date before March 1997, the post office address for the plaintiff and the insured premises changed from Route 1, Box 223, Hamilton, Virginia 22068 to 39093 Piggott Bottom Road, Hamilton, Virginia 20158.

Although there is dispute as to exactly what documents were mailed by the defendants to the plaintiff and exactly what documents were actually received by the plaintiff, it is uncontradicted that the plaintiff never attempted to pay the premium for coverage from March 21, 1997, to March 21, 1998, until after the policy for the period of March 21, 1996, to March 21, 1997, expired. The plaintiff's niece tendered a premium payment on April 23, 1997, to Moore, Clemens. Therefore, on or before April 23, 1997, the plaintiff knew about the premium and available insurance coverage for the period of March 21, 1997, to March 21, 1998.

Montgomery denied coverage. The position of the defendants, as stated in their last memorandum, is that the plaintiff's policy expired at the end of its period and the plaintiff did not choose to renew her policy prior to the loss. Therefore, she was not covered at the time of the fire. Montgomery also takes the position that it did not cancel the policy or terminate it by refusal to renew.

The Amended Motion for Judgment sets forth five different alternative theories of recovery on the alleged insurance coverage.

*Count I*: Moore, Clemens had a duty to the plaintiff to inform Montgomery of her change of address and to communicate with the plaintiff. The plaintiff alleges Moore, Clemens breached this duty. She also alleges that the defendants failed to follow the requirements of the policy for the period of March 21, 1996, to March 21, 1997, and the notice requirements of Virginia Code § 38.2-2113 as to cancellation and non-renewal of the policy.

*Count II*: The defendants did not comply with the notice requirements of Virginia Code § 38.2-2114 (C) for cancellation of the aforesaid policy.

*Count III*: The defendants did not comply with the notice requirements of Virginia Code § 38.2-2114(B) and (C) for non-renewal of the aforesaid policy.

*Count IV*: The defendants breached the implied duty of good faith and fair dealing under the aforesaid policy.

*Count V*: Moore, Clemens breached it duty to inform Montgomery of the plaintiff's address change. It also breached its duty to make prompt, reasonable inquiry as to why the plaintiff could not be reached and failed to contact her in a timely fashion when she relied on Moore, Clemens to keep her informed of the status of her policy and payments.

The plaintiff's motion for summary judgment concerns only Counts II and III of the Amended Motion for Judgment. These counts involve an alleged failure to follow the statutory requirements for cancellation and non-renewal. For these alternative theories to prevail, the plaintiff has to show facts that the

policy was canceled or that it was terminated by the insurer's refusal to renew. The facts developed by discovery do not support either a cancellation or a termination by refusal to renew.

The plaintiff's theory in Count II is that the defendants did not follow the statutory requirements to cancel the policy. Cancellation implies that coverage that would otherwise be in effect is ended by an affirmative act of cancellation by the insurer. Here the coverage ended with the expiration of the policy period on March 21, 1997. Inherent in the theory of the plaintiff is that the policy issued by Montgomery did not expire until it took some affirmative action to cancel or terminate the policy. I do not agree with the plaintiff's theory.

I find no statutory or case authority that once a fire insurance policy is written it remains in effect until the insurer gives notice that the coverage will be or is terminated. The cancellation and termination by refusal to renew provisions of Virginia Code § 38.2-2114 do not apply when the policy period expires and the premium for renewal coverage has not been paid. The cancellation provisions only apply if the insurer wishes to cancel the policy during its stated term. Cancellation implies an ending of coverage that would be in effect but for the cancellation. Here, the coverage ended on March 21, 1997, and was not renewed because the plaintiff failed to pay the premium. The insurer cannot cancel coverage that is not in effect. The plaintiff paid for insurance coverage through March 21, 1997. It make no sense for the insured being required to give notice of cancellation for non-payment of premium before the expiration of the stated policy period and before the premium is due for the renewal policy.

The plaintiff's theory is that if cancellation was attempted by the defendants, then it was attempted to be effective as of the end of the policy period on March 21, 1997. Even if it is assumed that the policy continued in effect after March 21, 1997, there are no facts presented supporting an attempted cancellation at any time after March 21, 1997.

This is not a case of attempted cancellation that failed to meet the requirements of Code § 38.2-2114.

There are also no facts to support an attempted termination by refusal to renew. The parties have offered no facts that show that the defendants refused to renew the policy. The defendants do not take the position that they refused to renew the policy. The plaintiff has alleged no facts (other than a conclusory allegation) and presented no facts in discovery that the defendants refused to renew the policy. By its very nature, any notice of termination by refusal to renew must be given before the period of the existing policy expires. None of the documents offered in discovery show that the defendants attempted to give

notice of termination by refusal to renew before the policy expired on March 21, 1997.

This is not a case of an attempted termination by refusal to renew that failed to meet the requirements of Virginia Code § 38.2-2114.

For the foregoing reasons, the plaintiff's motion for summary judgment as to Counts II and III is denied, and the defendants' cross-motion for summary judgment as to Counts II and III is granted.

As to the defendants' cross-motion for summary judgment as to the other counts, it is denied because there are material facts genuinely in dispute as to the other theories of the plaintiff. The disputed facts concern mainly the documents mailed by the defendants to the plaintiff and the documents received by the plaintiff. However, there is one issue that needs to be addressed as a matter of law. It is the issue of the duty of an insurer to advise an insured of the expiration of a fire insurance policy. The law is, as set forth in *Compton v. Nationwide Mut. Ins. Co.*, 480 F. Supp. 1254 (W.D. Va. 1979), that an insurer has no such duty. The lack of such a duty is obvious. As in this case, a policy of fire insurance has a stated policy period. It is set forth on the face of the policy. Here, the plaintiff admits that she received a Renewal Declaration that showed a policy period of March 21, 1996, to March 21, 1997. Even if there is a duty, it was complied with when the plaintiff was provided with the Renewal Declaration showing the policy period and expiration date.

My ruling is that the insurer has no duty to advise the insured of the expiration of a fire insurance policy, but I express no opinion at this time as to any other duty on the insurer, e.g., a duty to advise the insured of the premium for a renewal policy.

The stated period for the policy starting on March 21, 1996, expired on March 21, 1997. Coverage under the policy for that period had expired when the loss occurred. As stated above, the policy did not continue in effect until the insurer did something to terminate it. The issue in this case involves whether or not the insurer is liable for coverage under a policy for the stated period from March 21, 1997, to March 21, 1998. It is not a case of cancellation or termination by refusal to renew a policy for the period from March 21, 1997, to March 21, 1998. If a policy for that period did become effective (I cannot find now that it did), then the admitted facts do not show compliance with Virginia Code § 38.2-2114 for cancellation or termination by refusal to renew. It is not an issue anyway because the defendants do not contend that the policy was cancelled or terminated by refusal to renew.

The issue in this case revolves around the acts of the parties and whether or not their actions (or lack of action) created a contract of insurance which covers the plaintiff's loss.

Finally, and very importantly, because this case is set for trial with a jury commencing September 17, 1998, counsel must submit their proposed jury instructions to the Court on or before September 9, 1998, as required by the scheduling order entered on April 13, 1998. Also, only two days have been set aside for trial.