# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 5, 2001 Session

## JERRY T. BEECH CONCRETE CONTRACTOR, INC. v. LARRY POWELL BUILDERS, INC., ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 99-725-III    Ellen Hobbs Lyle, Chancellor

---

### No. M2000-01704-COA-R3-CV - Filed May 9, 2001

---

This is an action by a contractor to receive the balance due under a contract for the construction of two buildings.  The owner counterclaimed for damages alleging lack of good workmanship.  A principal issue concerned attorney fees, and whether a document purporting to be a contract was, in fact, a contract.  We hold that the document proffered by the plaintiff was accepted as a contract by the defendant, and that the attorney fee provision is enforceable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified and Remanded**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and D. MICHAEL SWINEY, JJ., joined.

Timothy W. Burrow, Nashville, Tennessee, for the appellant, Jerry T. Beech Concrete Contractor, Inc.

John R. Reynolds, Nashville, Tennessee, for the appellee, Larry Powell Builders, Inc., Larry Powell and Larry Powell Builders.

### OPINION

This litigation arises from a document styled "Job Contract" submitted by Jerry T. Beech Concrete Contractor, Inc. (Beech Concrete) to Larry Powell Builders to furnish materials for and install piers, footings and slabs for two buildings according to plans.  The "contract amount" was $66,627.00.

Upon completion of the work, Larry Powell Builders withheld $10,000.00 pending a resolution of "some amounts to back charge."  Whereupon, the plaintiff filed suit in the General

Sessions Court[1] against Larry Powell Builders, Inc., alleging a breach of contract for failure to pay as contracted. The defendant responded that the plaintiff failed to perform in a workmanlike manner and thus breached the contract.[2] The defendant corporation thereupon filed a counterclaim for damages alleging only that the plaintiff and counter defendant "failed to perform the job contract."

The plaintiff amended its complaint to join Larry Powell Builders and Larry Powell as defendants, alleging that it "entered into a contract with Larry Powell Builders or, in the alternative, Larry Powell or, in the alternative, Larry Powell Builders, Inc.," and asserted the same allegations against the added defendants that it asserted against Larry Powell Builders, Inc.

All three named defendants filed a joint answer to the amended complaint. They admitted the plaintiff contracted with Larry Powell Builders, Inc.; they denied any contract with Larry Powell, individually, or with Larry Powell Builders, a nonentity.

Following a bench trial the Chancellor found (1) that Larry Powell Builders, Inc. contracted with Beech Concrete to perform certain concrete work; (2) that the document "Job Contract" was a bid submitted by Beech Concrete and was not a contract between the parties; (3) that the defendant agreed and accepted the terms on pricing and performance as the "job contract" provides; (4) that the defendant never agreed to the attorney fee provision in the job contract; (5) the case against Larry Powell individually and Larry Powell Builders was dismissed; (6) that the plaintiff Beech Concrete failed to perform its work according to the plans, in that (a) it made a monolithic pour, rather than an isolated pour for each pier, which was unauthorized; (b) Beech Concrete failed to install anchor bolts; (c) the floor as finished is unreasonably varied in elevation.

The Chancellor found damages as follows: (1) Powell sustained $300.00 damages for masonry, described as uncontested; (2) $250.00 for the anchor bolts; (3) $963.00 for the repair of cracks in the concrete; (4) $1660.00 for the interior firewall work and extra work caused by the uneven floor. The aggregate of these items was deducted from the $10,000.00 retainage, and judgment was entered for the plaintiff for $6,827.00.

With respect to the counterclaim alleging structural damage, the Chancellor credited the testimony of an expert that the monolithic pouring of the concrete contributed to the cracks around the corner columns, which were aesthetic only and no cause for concern. Because the expert testified that the monolithic pour was not "approved by the codes," Mr. Powell would have to divulge that fact to potential buyers, and was thus entitled to recover $2,000.00 for the cost of an inspection to allay the doubts harbored by a prospective purchaser.

The plaintiff appeals and presents for review the following issues:

---

[1] Transferred to Chancery Court.

[2] The plaintiff filed a lien to secure payment of its claim.

I.      Whether the court erred in finding that there was no contract between Beech Concrete and any defendant

II.     Whether the court erred in not awarding attorneys' fees and costs in favor of Beech Concrete

III.    Whether the court erred in finding that the preponderance of the evidence supported the assessing of Beech Concrete with $1,660 in damages for drywall work

IV.     Whether the court erred in awarding $2,000.00 to Larry Powell Builders, Inc., in the event it must pay for an inspection by a potential buyer

V.      Whether the court erred by not finding Larry Powell personally liable to Beech Concrete

VI.     Whether the court erred in releasing the lien.

Appellate review is *de novo* on the record accompanied with the presumption that the finding of fact is correct unless contrary to the preponderance of the evidence. Rule 13(d) TRAP.

## I.

We find that the evidence preponderates against the Chancellor's finding that the document styled "Job Contract" was not a contract, but only a bid submitted by the plaintiff. While the Chancellor did not dwell on the fact that none of the named defendants signed the document, it is implied in the ruling that the absence of a signature was the inducing reason therefor. The proof is clear on the point that Powell accepted the contract and undertook its performance.

Any reasonable form of acceptance is binding. *See, Restatement, 2d Contract,* § 30 (1981). And an unsigned contract may become binding if a party by his or her acts and conduct indicates assent to its terms. *17 C.J.S. Contracts*, § 48 (1999). Moreover, Larry Powell testified that the terms and conditions and scope of work "were acceptable to Larry Powell Builder, Inc." and that after he received the Job Contract he contacted the plaintiff's representative and "told him this was acceptable to me and asked him when they could actually start the job."

## II.

The Chancellor disallowed attorney fees because the only terms in the "Job Contract" which the parties discussed and acted on and indicated acceptance of are the price and performance specifications. We have found that the evidence preponderates against the finding that the document styled "Job Contract" was merely a bid, and not a contract. We further find that the contract was not divisible, and that it was accepted in its entirety. Accordingly, the provision of the contract "If client fails to pay as agreed, Jerry Beech Concrete is entitled to receive attorney fees and all costs associated with the collection of this debt including any costs extended by Jerry Beech Concrete to enforce this agreement" is enforceable as contractual in nature. *See, Owen v. Stanley*, 739 S.W.2d 782 (Tenn. App. 1987); *Remco Equipment Sales, Inc. v. Manz*, 952 S.W.2d 437 (Tenn. App. 1997). The case is remanded for a determination of a reasonable fee in accordance with *Connors v.*

*Connors*, 594 S.W.2d 672 (Tenn. 1980), *In re: Estate of Davis*, 719 S.W.2d 575 (Tenn. App. 1986) and *Disciplinary Rule 2-106* of the Code of Professional Responsibility, Rule 8 of the Rules of the Supreme Court.

## III.

The drywall subcontractor charged $1,660.00 to Beech Concrete (the prime contractor) for additional work necessitated, according to the drywall subcontractor, because the floor was not level. It sloped three and one-half inches from front to back. The difficulty with this award is found in the testimony of the subcontractor, who testified, upon being asked why he simply did not cut the drywall on an angle to fit the slope, said "A. I guess we didn't think about it. . . ." He further testified, when asked if his charges would have been about one-third of $1,660.00 if he had cut the drywall to fit the slope, said "(w)ell, it would have been at least half or more."

In light of this testimony, the award of $1,660.00 is not supported by a preponderance of the proof, and the judgment will be modified by reducing this award to $830.00.

## IV.

The Chancellor awarded the counter-plaintiff $2,000.00 damages because of the ugliness of the cracks in the concrete. This award was based upon the somewhat unique rationale that since the cracks did not affect the structural integrity of the buildings, they would adversely affect the marketability of the property which could possibly be averted by an inspection by a qualified engineer which would allay any purchaser's fears about the significance of the cracks. The Chancellor "arrived at the amount (of $2,000.00) because that's the cost of an inspection . . . to ensure a potential buyer that there is not any structural damage . . ." Beech Concrete argues that this award is purely speculative, because there was no proof of the cost of an inspection, superimposed upon the fact that no evidence was offered as to the cost of repairing the crack, diminution in value of the buildings, and the like.

The expert, Mr. Bucy, employed by the defendants, testified concerning the issue of a monolithic pouring of the concrete *vis-a-vis* an isolated pouring. He said the plaintiff deviated from the plans in making the monolithic pour, which called into question the structural integrity of the construction. Mr. Bucy recommended some form of demolition testing which he opined would cost "1,500.00 to $1,000.00 real quick" which "[m]ight be on the low side." Given this testimony we cannot find that the evidence preponderates against the award.

## V.

The Chancellor declined to hold Larry Powell personally liable, holding that the contract was made with Larry Powell Builder, Inc. The record is replete with testimony that all of the parties recognized that Larry Powell Builder, Inc., the record owner of the property, was the contractee. This point need not be further labored.

## VI.

The Chancellor released the lien impressed upon the property before the suit was filed in the General Sessions Court, apparently because of the subsequent judgment lien. The plaintiff complains of the ordered release of the lien. We note that the plaintiff caused an attachment to issue, and when the case was transferred by agreement to the Chancery Court, did not thereafter pursue the attachment action. Under these circumstances the point is moot.

## VII.

Finally, we address the issue of discretionary costs raised by the plaintiff. The Chancellor ruled that Beech Contract was not entitled to recover such costs. Rule 54.04 (2) provides that a party requesting discretionary costs shall file and serve a motion within 30 days after entry of judgment. The record does not reflect that such a motion was filed. The Chancellor did not err in refusing to award such costs.

The judgment, as modified, is affirmed and the case is remanded to the trial court for appropriate action. Costs of appeal are assessed to the parties equally.

_____
WILLIAM H. INMAN, SENIOR JUDGE