◼ AXA GLOBAL RISKS U.S. INSURANCE COMPANY, Formerly Known as COLONIA INSURANCE COMPANY, Respondent, v SWEET ASSOCIATES, INC., et al., Appellants. [755 NYS2d 759] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered

May 3, 2002 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

In May 1996, defendant Sweet Associates, Inc., was hired as the general contractor for a library expansion project at the State University of New York at Albany. In connection therewith, Sweet entered into a subcontract with Atlantic Wall Systems to provide labor, materials and equipment. As required by the subcontract, Atlantic guaranteed its performance by procuring a performance bond from plaintiff.

From the beginning, Sweet found Atlantic's work deficient. When Atlantic failed to remedy the problems, Sweet requested a meeting with Atlantic and plaintiff, ultimately meeting with Atlantic. When the quality of work did not improve, Sweet gave formal notice to Atlantic, by letter dated December 31, 1997, that it sought to terminate the subcontract if the default was not cured within the 15-day period provided therein. Sweet, Atlantic and plaintiff thereafter scheduled a meeting for January 21, 1998, which resulted in a letter by Sweet to plaintiff, dated January 27, 1998, conditionally withdrawing its prior notice of default yet "reserving the right to declare [Atlantic] to be in default upon three (3) days written notice." No objection to the shortened time frame was made. Atlantic continued work on the project.

Twice more Sweet sent default notices, this time to both Atlantic and plaintiff; neither objected to the shortened cure period. In response to the third default notice, Atlantic advised Sweet that, due to its failure to pay in a timely manner, Atlantic's subcontractors were refusing to continue work, thus accounting for the problems that Sweet noted. Sweet nonetheless made a demand upon plaintiff, as Atlantic's surety, to complete the remaining work. Plaintiff complied, again without objection to the shortened cure period.

After finishing the work on the project, plaintiff commenced this action against Sweet and others for breach of contract. Defendants' answer included a counterclaim for damages caused by plaintiff's delay in completing the work. Plaintiff thereafter moved for partial summary judgment on the issue of liability due to Sweet's failure to comply with the 15-day notice to cure provision of the subcontract. Supreme Court granted plaintiff's motion and defendants appeal.

There is no dispute that the contractual term governing these parties details that defendant will have the right to terminate the contract after providing a 15-day written notice to cure. The issue, however, is whether "by various species of proofs and evidence, by declarations, by acts and by nonfeasance"

(*Won's Cards v Samsondale/Haverstraw Equities*, 165 AD2d 157, 164), there exists an issue of fact as to whether plaintiff waived the 15-day notice provision.

Where the terms of a contract are clear and unambiguous, it is settled that the rights and obligations detailed therein should be enforced as written, with the "court * * * striv[ing] to give a fair and reasonable meaning to the language used" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9-10; *see also General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236). Despite protestations that the shortened period was a modification of the contract which was not properly implemented, we find that the issue here distills to whether there was a waiver of the 15-day provision by plaintiff's failure to object to the shortened notice provision that Sweet unilaterally drew into their agreement. "Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (*General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., supra* at 236 [citation omitted]). It "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (*id.* at 236). From the documentary evidence proffered on this motion in opposition to the request for partial summary judgment, we find that "by declarations, * * * acts and * * * nonfeasance" (*Won's Cards v Samsondale/Haverstraw Equities, supra* at 164), it could be gleaned that there was an intention to waive the contractual notice provision once the original notice of default was conditionally withdrawn. Having considered and rejected plaintiff's remaining contentions against a finding of waiver, as well as defendants' contentions that Sweet should be relieved from the performance of futile acts or conditions precedent (*see Sunshine Steak, Salad & Seafood v W.I.M. Realty*, 135 AD2d 891, 892), we find the award of partial summary judgment to have been premature (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 403). For all of these reasons, we reverse.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.