# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

104

CA 13-01266

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

EMERALD EQUIPMENT SYSTEMS, INC.,
PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

GEARHART BROTHERS SERVICES, LLC,
DEFENDANT-RESPONDENT.

---

FRANK A. SARAT, HOMER, FOR PLAINTIFF-APPELLANT.

MACKENZIE HUGHES LLP, SYRACUSE (MARK SCHLEGEL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered June 12, 2013.  The order denied
plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the matter is remitted to Supreme Court, Onondaga County, for
further proceedings in accordance with the following Memorandum:
Plaintiff commenced this breach of contract action seeking to recover
certain payments allegedly due under two equipment leases.  The first
cause of action seeks to recover monthly rental payments, the second
cause of action seeks to recover late charges based upon nonpayment of
the rent, the third cause of action seeks damages allegedly incurred
as a result of defendant's improper operation or maintenance of the
leased equipment, and the fourth cause of action seeks expenses,
including attorney's fees, that plaintiff incurred to enforce its
rights under the contract upon defendant's alleged default.  Defendant
asserted counterclaims for breach of express warranty and breach of
the implied warranties of merchantability and fitness for a particular
purpose.  Plaintiff thereafter moved for summary judgment on the first
and second causes of action, partial summary judgment on liability on
the fourth cause of action, and dismissal of the counterclaims.  In
opposition to the motion, defendant did not dispute plaintiff's
entitlement to the payments due under the terms of the lease
agreements, but asserted that it was entitled to a reduction in rent
based upon delays in defendant's work occasioned by mechanical
problems with the equipment.  Defendant further asserted that
plaintiff "waived any disclaimers of warranty" in the lease agreements
"and/or [that] the leases were modified" such that defendant was not
obligated to pay the entire amount due under the lease agreements
based upon plaintiff's oral representations, prior course of

performance, and industry practice.

We agree with plaintiff that Supreme Court erred in denying its motion inasmuch as plaintiff met its initial burden with respect to the causes of action and counterclaims at issue, and defendant failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "[I]nasmuch as [defendant] seeks to create triable issues of fact solely through the use of parol evidence, resolution of the propriety of Supreme Court's [denial] of summary judgment [in plaintiff's favor] turns upon whether parol evidence is admissible in this instance" (*State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 189 AD2d 929, 931-932). It is well established that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569). "Parol evidence—evidence outside the four corners of the document—is admissible only if a court finds an ambiguity in the contract" (*Schron v Troutman Sanders LLP*, 20 NY3d 430, 436; *see Polyfusion Elecs., Inc. v Promark Elecs., Inc.*, 108 AD3d 1186, 1187). Here, parol evidence is not admissible because the lease agreements unambiguously provide that defendant is responsible for paying the cost of repairs to the equipment (*see Polyfusion Elecs., Inc.*, 108 AD3d at 1187).

We further conclude that plaintiff's conduct in providing a one-time credit to defendant does not constitute a course of dealing sufficient to modify the terms of the lease agreements (*see General Motors Acceptance Corp. v Clifton-Fine Cent. Sch. Dist.*, 85 NY2d 232, 237; *V.J. Gautieri, Inc. v State of New York*, 195 AD2d 669, 671). The deposition testimony of defendant's director of operations and project manager that it was industry practice to "work out the hours" when a project was completed, rather than to estimate the number of hours in the contract, is insufficient to raise an issue of fact inasmuch as "evidence of current industry practice is only admissible to explain the meaning of terms used in any particular trade, when their meaning is material to construe the contract" (*Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 111 AD3d 1374, 1377 [internal quotation marks omitted]). We further agree with plaintiff that its repair of the equipment and issuance of an invoice to defendant for the cost of the repairs was consistent with the terms of the lease agreements and, therefore, did not modify the terms of the agreements or constitute a waiver thereof (*see* UCC 2-A-207 [3]).

Finally, we agree with plaintiff that it is entitled to dismissal of the counterclaims inasmuch as "the broad, express, and conspicuous disclaimer of all warranties set forth in the [lease agreements] is fatal to [defendant's counter]claims for breach of the implied warranties of merchantability and fitness for a particular purpose," as well as its counterclaim for breach of express warranty (*West 63 Empire Assoc., LLC v Walker & Zanger, Inc.*, 107 AD3d 586, 586; *see Mangano v Town of Babylon*, 111 AD3d 801, 802).

We therefore reverse the order and grant plaintiff's motion, thus granting judgment on the first and second causes of action and partial

summary judgment on liability on the fourth cause of action, and we remit the matter to Supreme Court to determine, with respect to the fourth cause of action, the expenses, including attorney's fees, to which plaintiff is entitled pursuant to the terms and conditions of the lease agreements (*see PHH Mortgage Corp. v Ferro, Kuba, Mangano, Skylar, Gacovino & Lake, P.C.*, 113 AD3d 813, ___).