<partyblock>

1346 Park Place HDFC, Appellant,-

against

Cauleen Wright and Donald Wright, Respondents, "John Doe" and "Jane Doe", Undertenants.

Sperber, Denenberg & Kahan, P.C. (Seth Denenberg of counsel), for appellant.

Donaldson & Chilliest, LLP (Paul P. Martin of counsel), for respondents.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (John H. Stanley, J.), entered August 16, 2017. The final judgment, after a nonjury trial, dismissed the petition in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, the petition is reinstated and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to landlord.

In this holdover proceeding, landlord alleges that tenants violated the terms of their proprietary lease
by performing extensive work in their bathroom without landlord's prior written consent. Following a nonjury trial, the Civil Court dismissed the petition.

In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and [*2]demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).

" '[L]ease interpretation is subject to the same rules of construction as are applicable to other agreements' " (Avon Bard Co. v Aquarian Found., 260 AD2d 207, 208 [1999], quoting Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 234 [1983], affd 61 NY2d 976 [1984]). It is undisputed that tenants removed the sink and commode and replaced pipes and walls in their bathroom without obtaining landlord's written consent. The lease provision requiring tenants to do repairs and maintain certain fixtures does not negate the lease requirement of prior written consent.

Tenants argue that landlord waived the requirement of written consent in letters sent to tenants during the week of September 6, 2011. Contractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175 [1982]). Such abandonment "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236 [1995]; see Hadden v Consolidated Edison Co. of NY, 45 NY2d 466, 469 [1978]). However, waiver "should not be lightly presumed" and must be based on "a clear manifestation of intent" to relinquish a contractual protection (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). Generally, the existence of an intent to forgo such a right is a question of fact (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of NY, 61 NY2d 442, 446 [1984]).

The letters in question explicitly denied any waiver, placed conditions on continued work, and, after tenants violated those conditions, ordered tenants to stop work. The letters were thus the opposite of "a clear manifestation of intent" to relinquish a contractual protection.

We have considered tenants' remaining argument and find it unavailing.

Accordingly, the final judgment is reversed, the petition is reinstated and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to landlord.

ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 02, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>