■ R. ABBOTT SINSKEY, Appellant, v. IRA NADLER, Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered on April 28, 1971, amending judgment, and amended judgment of said court entered May 6, 1971, unanimously modified, on the law, so as to delete the provision for payment of interest on the net purchase price, and to delete the payment of $1,482.50 for electrical rewiring without prejudice, and otherwise affirmed. The order of said court entered on July 26, 1971, denying appellant's motion to vacate or modify the money judgment is unanimously reversed, on the law, and the motion granted, and thereupon the docketing of the judgment as a money judgment on June 4, 1971 is vacated. Appellant shall recover of respondent one bill of $50 costs and disbursements of these appeals. The appeals from the original judgment of said court entered on March 25, 1971, and from the judgment docketed as a money judgment on June 4, 1971, are unanimously dismissed as academic. The trial court has found, after trial, the sum of $13,000 per annum, payable at a monthly rate, as a fair and reasonable charge for the use and occupancy of the apartment from the date of expiration of tenant-appellant's

lease to the date of consummation of purchase, payment of which purchase is not disputed. And the defendants, having not appealed from this fixation by the court of the fair and reasonable value of the leasehold as $13,000 per annum, the same amount as called for by the then expired lease, and since there is a supporting frame of reference, we are compelled to accept its validity. In view of this finding, we find no justification for a direction that appellant also pay to respondent, in addition thereto, interest upon the purchase price of $120,500, already paid by appellant, and accepted by defendants, pursuant to specific performance, as requested by him, of an exercise of the acceptance of the proposed sale of the apartment, prematurely and erroneously rejected by defendants prior to the expiration of his (tenant's) lease. Thus, we have no alternative but to reverse the orders and pertinent judgment appealed from, insofar as they award interest. Similarly, the award for electrical charges must be reversed because there is no proof in the record to sustain the claim that such were due and owing. No claim was made for such charges in respondent's pleadings. The mere fact that mention of electrical charges was made in a computation, which was marked for identification at the trial, constitutes no proof that the charges were proper or that they were paid, or that they were due and owing from appellant to respondent. The burden of proof that they were due and owing was on respondent, and so the trial court itself recognized "no proof was adduced". The opportunity afforded for the offering of further proof with respect to this item, not availed of by respondent, constituted no substitute for the requisite proof. This latter dismissal, however, is without prejudice. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Murphy, JJ.