■ CHRISTOPHER LEONARD, Respondent, v THOMAS ICKOVIC et al., Appellants.—In an action, *inter alia,* to dissolve an alleged joint venture, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County, entered October 12, 1979, as is in favor of plaintiff and against defendant Ickovic in the amount of $4,556.35, plus interest, costs and disbursements, after a nonjury trial. Judgment reversed insofar as appealed from, on the law and the facts, with costs, the first decretal paragraph is deleted therefrom and the complaint is dismissed as against defendant Ickovic. An examination of the record reveals that the subject agreement was not an option contract but rather an agreement of purchase and sale. An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date, and the consideration is forfeited if the option is not effectively exercised *(Rottkamp v Eger,* 74 Misc 2d 858). At bar, it appears the parties simply agreed that plaintiff would purchase and defendant Ickovic would sell certain property, although title was not to pass until plaintiff had paid over the entire purchase price, the payments to be made in installments. We further find that plaintiff failed to make the required installment payment due in May, 1976 and that defendant Ickovic properly declared plaintiff in default 30 days later. Ickovic sold part of the property to a third party in September, 1976. Since plaintiff breached the agreement by failing to make the May, 1976 payment, he is not entitled to the return of any moneys previously paid. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.