■ EDWARD M. STEPHENS et al., Appellants-Respondents, v SAMUEL L. MESSING, Respondent-Appellant, et al., Defendant. —Order and judgment (one paper) and judgment of the Supreme Court, New York County (Edward J. Greenfield, J.), both entered December 15, 1989, which, *inter alia,* granted defendant Messing's motion to confirm the report of a Referee and fixed the amount of use and occupancy for the subject premises through the date of closing of title in the amount of $130,860, unanimously modified, on the law and the facts and

in the exercise of discretion, to the extent of reducing the amount payable for the period after March 31, 1985 to the amount expended by defendant for maintenance and, except as so modified, affirmed, without costs.

This dispute concerns plaintiffs' right to purchase the shares to an apartment located at 179 East 79th Street in the Borough of Manhattan which were issued by defendant 179 Tenants Corporation pursuant to a plan of cooperative conversion sponsored by defendant Samuel L. Messing. This matter has been the subject of a number of proceedings both in the Housing Part of Civil Court and in Supreme Court. It was resolved in favor of plaintiffs by an order of the Supreme Court dated May 22, 1987 declaring them entitled to purchase the shares pursuant to the terms of the offering plan. The decision was subsequently affirmed by this court (Stephens v Messing, 140 AD2d 1015).

The only issue before us on this appeal is the amount to be paid by plaintiffs for their use and occupancy of the premises pending closing of title which, according to the briefs, has still not taken place. The parties dispute whether or not any amount is payable by plaintiffs for use of the premises pending the closing and, if so, whether its value should be determined by the rental market or by some lesser valuation method, such as the monthly maintenance charge. In his cross appeal, defendant Messing argues that the court should have set use and occupancy at an amount equal to the value of the apartment on the rental market for the period commencing January 15, 1982 and not just from March 31, 1985 to present, the period following conclusion of the holdover proceeding before Civil Court.

Plaintiffs contend that an award for use and occupancy presupposes a landlord-tenant relationship, the existence of which they dispute (Barbarita v Shilling, 111 AD2d 200, 201). Although plaintiffs ultimately prevailed in this matter, it was initially determined by the Appellate Term, First Department in an order entered June 27, 1986 that, because their use of the apartment was exclusively professional, it was not their primary residence and, therefore, that they were not entitled to a renewal lease. Subsequently, in the declaratory judgment action under review, Supreme Court granted an injunction against the enforcement of the final judgment of possession in favor of the landlord and the issuance of a warrant of eviction by Civil Court. Thus, plaintiffs have remained in possession of the premises during the course of this litigation by virtue of a stay of enforcement, and defendant Messing is entitled to

damages during this period *(14 Second Ave. Realty Corp. v Anne Steven Corp.,* 16 AD2d 751, *affd* 12 NY2d 919). The damages which may be recovered in an equitable action for specific performance, however, are limited to the amount necessary to place the parties in the positions they would have occupied had the contract been performed according to its terms *(see, Duane Sales v Carmel,* 57 AD2d 1003, *revd on other grounds* 49 NY2d 862; *Sinskey v Nadler,* 38 AD2d 904, *affd* 34 NY2d 585). Accordingly, any recovery is properly limited to such amounts as Messing expended in payment of maintenance charges to the cooperative corporation, payments which would have been plaintiffs' responsibility to make had they acquired title pursuant to their 1980 subscription to purchase the shares under the terms of the offering plan. Civil Court set the amount payable as use and occupancy during the pendency of proceedings before that court, and the parties have established no basis upon which to disturb its exercise of discretion with respect to the period ending March 31, 1985. Concur—Rosenberger, J. P., Asch, Smith and Rubin, JJ.