■ BRUCE E. BOGHOSIAN et al., Respondents, v SCS PROPERTIES, INC., Appellant. [750 NYS2d 197] —Mercure, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered February 27, 2002 in Saratoga County, which granted plaintiffs' motion for summary judgment and declared that an option in favor of defendant to purchase real property from plaintiffs is null and void.

As of June 1999, plaintiffs owned a parcel of real property situated on County Route 47 in the Town of Milton, Saratoga County. From June 2, 1999 to October 1999, plaintiffs and defendant entered into a written contract and addenda and amendments thereto providing for plaintiffs' sale to defendant and grant of an option for defendant's purchase of specified portions of plaintiffs' property. As of the execution of an October

1999 amendment, the contract provided for plaintiffs' sale to defendant for $60,000 per acre of a 10.955-acre parcel (hereinafter the Project parcel), to be utilized for the development of a retail center/plaza containing a 47,000 square foot supermarket, and plaintiffs' grant to defendant of an option to purchase an adjacent parcel consisting of approximately six acres of land (hereinafter the Development parcel). The October 1999 amendment provides for the option, which is the central focus of this appeal, in the following terms (hereinafter the option clause): "Subsequent to the transfer of title to [t]he Project [parcel], [defendant] shall have the right to purchase [t]he Development parcel * * * for a purchase price of $60,000 an acre from the date hereof through February 28, 2002, providing [defendant] pays [plaintiffs] a [non-refundable] deposit of $1,000.00 per month commencing 180 days after Transfer of Title of [t]he Project parcel * * * for a period of one year, then a non-refundable deposit of $2,000.00 per month through February 28, 2002, all payments to be applied towards the purchase price."

The parties agree that the closing of title on the Project parcel took place on March 29, 2000, that the 180-day period provided for in the option clause terminated on September 25, 2000, and that defendant's first monthly "deposit"* was made at some point between October 6 and 10, 2000. Taking the position that defendant's failure to tender the deposit on or before September 25, 2000 caused the option to terminate, plaintiffs rejected the $2,000 check dated October 6, 2000, as well as all subsequent tenders of monthly deposits.

Plaintiffs thereafter brought this action for a declaration that the option had terminated and was null and void. Following joinder of issue, the parties moved and cross-moved for summary judgment. Supreme Court denied the motion pursuant to CPLR 3212 (f) to permit defendant an opportunity for further discovery and, when the discovery had been accomplished, plaintiffs again moved and defendant cross-moved for summary judgment. Supreme Court granted plaintiffs' motion and denied defendant's cross motion. Defendant appeals.

The first issue for our consideration is the appropriate standard to be applied in enforcing the contract terms. If the interest granted to defendant constituted an option, the matter is governed by the general principle requiring strict compliance with the terms of option agreements, notwithstanding the fact that the contract contains no "time of the essence" language

---

* Through error, defendant tendered a check for $2,000 rather than the $1,000 called for in the option clause.

*(see J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396-397; *Glucksman v Glucksman*, 264 AD2d 812, 813; *T.I.P. Holding No. 2 Corp. v Wicks*, 63 AD2d 263, 270).

According to plaintiffs, the clause at issue clearly fits within the definition of an option, i.e., "an agreement to hold an offer open [that] confers upon the optionee, for consideration paid, the right to purchase at a later date, and the consideration is forfeited if the option is not effectively exercised" (*Leonard v Ickovic*, 79 AD2d 603, 603, *affd* 55 NY2d 727). Defendant suggests, however, that, as was the case with the provisions of the parties' contracts relating to the sale of the Project parcel, the contract sets forth an agreement for the purchase of the Development parcel and the language at issue here was merely designed to afford defendant an opportunity to withdraw upon the failure of contingencies related to the contract's overall purpose of developing a retail shopping plaza secured by an anchor tenant. We disagree. The contract provisions for delaying the transfer of title to the Project parcel in exchange for defendant's payment of a series of non-refundable deposits were expressly related to the contract contingency that defendant "obtain all governmental approvals for the construction of a commercial retail project." In contrast, the provisions for defendant's exercise of its right to purchase the Development parcel expressly contemplate the prior satisfaction of those contingencies and, in fact, transfer of title to the Project parcel. No further contingencies are expressed in the contract that could possibly impact defendant's purchase of the Development parcel. We therefore reject defendant's argument and conclude that the clause at issue here grants an option and that the standard of strict compliance accordingly applies.

Of course, application of the standard of strict compliance will not assist plaintiffs if the contract fails to fix the time for payment of the option price with sufficient precision to permit a determination that the payment tendered on or about October 10, 2000 was untimely. As can be seen from the plain language of the option clause, the period for exercise of the option commenced on the date of closing on the Project parcel, which took place on March 29, 2000. Notably, the terminal date for exercise of the option is not stated to be 180 days following the closing of title on the Project parcel; rather, it is stated to be February 28, 2002. The significance of the 180-day period is that it measures the time within which defendant could exercise the option free of charge. There can be no question that a continuation of the option beyond the expiration of the 180-day period imposed financial liability on defendant—it was

required to pay $1,000 and then $2,000 for each subsequent one-month extension. The critical issue, however, is whether the contract was reasonably specific in fixing the time when those payments were to be made. We conclude that it was.

Considered in context, we believe that the language of the option clause "providing [defendant] pays [plaintiffs] a [nonrefundable] deposit of $1,000.00 per month commencing 180 days after Transfer of Title of [t]he Project parcel" not only establishes the first of the monthly "for-charge" option periods but also fixes the time for payment of the deposits as the initial day of each monthly option period. It is significant, we think, that reaching a contrary conclusion is tantamount to permitting defendant to wait until the end of a monthly option period before committing itself to the exercise of the option (at which time the deposit would be applied to the purchase price, thus eliminating its benefit to plaintiffs) or a continuation of the option for another monthly extension. In either case, the effect would be to deprive plaintiffs of compensation for the first option period, despite the parties' clear intent that plaintiffs be compensated therefor. We agree with plaintiffs that the facts of this case are reasonably analogous to those considered by the Second Department in *T.I.P. Holding No. 2 Corp. v Wicks* (*supra*), and the slight differences in the contract language present in that case do not warrant a contrary result here. Under the circumstances, we are unpersuaded that Supreme Court erred in its determination that payment of the initial deposit on or about October 10, 2000 was untimely as a matter of law.

Defendant's remaining contentions, including those urging the application of equitable factors, have been considered and found to be unavailing.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.