■ In the Matter of CORNERSTONE REALTY GROUP, LLC, Appellant, v COUNTY OF GREENE et al., Respondents. [814 NYS2d 343]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), entered June 7, 2005 in Greene County, which, inter alia, partially converted petitioner's application, in a proceeding pursuant to CPLR article 78, into an action for declaratory judgment and declared that an agreement entered into between respondents that benefitted petitioner was terminated.

Sleepy Hollow Lake is a residential community which is managed by respondent Association of Property Owners of Sleepy Hollow Lake, Inc. (hereinafter APO) and is located within respondent County of Greene. After the County acquired over 400 undeveloped parcels in that community through tax foreclosures, it began meeting with APO to formulate a plan to effectuate the sale and construction of new homes on those lots. Accordingly, on July 19, 2002, the County and APO entered into a "Development Rights Agreement." The agreement provided APO with the "exclusive option to purchase, develop, market and sell the county owned properties" and it also acknowledged

that APO had separately contracted with petitioner, a realtor, to develop and market certain of those properties at a reduced price. The parties herein do not dispute that petitioner was a third-party beneficiary to the agreement between the County and APO. That agreement included a termination clause providing that "[the] agreement shall terminate automatically and immediately upon . . . [petitioner's] failure to build twenty (20) homes to completion . . . by December, 2003."

Thereafter, December 2003 passed with petitioner having completed only two homes. In March 2004, APO's Community Manager wrote to the County requesting that, despite the "[d]elays in this project," the County not follow through with a plan to meet with additional developers and, instead, extend the July 19, 2002 agreement. Subsequently, in July 2004, the County passed Resolution No. 291-04, stating that it "currently has no contract with any . . . developer to market or sell" its Sleepy Hollow parcels. Furthermore, the County indicated that, although it "had previously had a contract with [APO] by which they agreed to give them a first option to purchase any of the lots . . . APO has not met its obligations under that Agreement, but has agreed upon terms for a new contract." The resolution thereafter described the terms of the new development agreement and required that "[t]he contract will contain . . . language specifically stating that there is no intended third party beneficiary of the contract and that the County specifically is dealing only with the APO." It also required that APO obtain a waiver and release from petitioner as to "any rights or causes of action it alleges it has arising from the July 19, 2002 agreement." In November 2004, the County passed Resolution Nos. 440-04 and 441-04, which rescinded Resolution No. 291-04 and indicated that the County no longer wished to contract with APO and the County would be offering up its Sleepy Hollow lots for sale to the highest bidder.

In January 2005, petitioner commenced this CPLR article 78 proceeding against the County and APO seeking, among other things, a ruling that "[t]he Resolution of the Greene County Legislature [be deemed] void and of no force and effect" and, further, requesting that the July 19, 2002 agreement between the County and APO be declared "valid and binding on the parties thereto." Petitioner did not specify which County resolution it was challenging. Respondents moved to dismiss the proceeding arguing, among other things, that any challenge to Resolution No. 291-04 would be barred by the statute of limitations and, in any event, the July 2002 agreement expired by its own terms in December 2003. With respect to that portion of the

proceeding challenging a County resolution, Supreme Court ruled it was timely but lacking in merit. Regarding petitioner's request for a determination of the contractual rights of the parties, the court converted that portion of the petition into an action for a declaratory judgment and declared that "the contract between the County of Greene and the APO is valid and binding as written, and further, that it terminated as of December 31, 2003." Petitioner now appeals.

Initially, petitioner contends that Supreme Court erred in dismissing so much of the petition which sought to annul "the resolution of the County Legislature." We conclude that dismissal was proper, however, we do not consider the merits inasmuch as our decision is premised upon a finding that petitioner's challenge was untimely. Supreme Court held that the commencement of the four-month statute of limitations applicable in a CPLR article 78 proceeding (see CPLR 217 [1]) began to run in November 2004 when the County passed Resolution Nos. 440-04 and 441-04. We do not agree. The statute of limitations commenced in July 2004 when the County passed Resolution No. 291-04. Significantly, in the July 2004 resolution, the County definitively took the position that there would be no extensions of its original July 2002 contract with APO and that all ties with petitioner would be severed, thus inflicting a concrete and final "injury" on petitioner (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34-35 [2005]; Matter of Alterra Healthcare Corp. v Novello, 306 AD2d 787, 788 [2003]). In contrast, the November 2004 resolutions did nothing more than establish that the County no longer wished to pursue a completely separate contractual arrangement with APO, a determination that, at that point, had no real impact on petitioner. Accordingly, the latest the statute of limitations began to run was July 2004 and, therefore, the proceeding commenced in January 2005 was time-barred.

Turning to that portion of the petition which Supreme Court converted to a declaratory judgment action governed by a six-year statute of limitations (CPLR 213 [2]), we agree with Supreme Court's declaration that the July 2002 contract ended by its own terms when the December 2003 deadline passed without the completion of the necessary amount of homes. Contrary to petitioner's argument, the court correctly characterized the subject agreement, which "provided that petitioner could purchase property under specific terms at some time in the future," to be, in effect, an option contract requiring strict compliance with its terms (see Boghosian v SCS Props., 299

AD2d 693, 694 [2002]). Thus, since the terms of the agreement provided for automatic termination, the County's resolution holding that the agreement had been terminated was correct. Moreover, even if strict compliance was not required, the result would be the same. Nothing presented by petitioner would support a conclusion that, following the termination date in the contract, the County and APO "mutually assented to a new contract *containing the same provisions as the old* " (22 NY Jur 2d, Contracts § 232 [emphasis added]). To the contrary, APO's March 2004 letter to the County acknowledged that the deadline had passed and the County was seeking "to meet with additional developers." The County's unwillingness to continue with a contract benefitting petitioner is confirmed in the July 2004 resolution and any argument to the contrary is speculative.

The remaining arguments advanced by petitioner are either unnecessary to reach in light of the above disposition or are not properly before us because they were raised for the first time on appeal.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.