■ BALLSTON AVENUE DEVELOPMENT, Respondent, v KARL WOLF et al., Appellants. [845 NYS2d 534]—

Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered July 11, 2006 in Saratoga County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

In 2004, defendants Karl Wolf, Susan Wolf and Wolf Hi-Roc Lanes, Inc. (hereinafter collectively referred to as defendants) granted plaintiff a 12-month option to buy a bowling center known as Hi-Roc Bowling Lanes located in the City of Saratoga Springs, Saratoga County, for the sum of $3.24 million. The agreement provided, among other things, that the option could be extended for an additional period of 12 months by written notice no later than 30 days prior to the expiration of the option and the payment of $10,000. Shortly thereafter, plaintiff applied for the necessary special use permits to construct a mixed use development, including 150 condominiums, commercial buildings and an underground parking facility. On June 17, 2005, two days after plaintiff secured its special use permit, agents of plaintiff met with a representative of defendants to discuss the

---

* Apparently, claimant submitted a second request for an appeal on or about December 12, 2006.

steps necessary to obtain final approval for the project and the necessity for an extension of the option agreement for that purpose. At the meeting, defendants' representative allegedly informed plaintiff's representatives that an extension of the option contract would be permissible. However, in July 2005, when plaintiff tendered the additional $10,000 to extend the option contract, plaintiff was informed that the option had expired and that defendants had contracted to sell the property to defendant Frank J. Parillo.

Following commencement of this action seeking, among other things, specific performance, defendants moved for summary judgment. In response, plaintiff cross-moved for summary judgment on the cause of action seeking specific performance and for dismissal of defendants' counterclaim which asserted that plaintiff's action was frivolous and sought sanctions pursuant to 22 NYCRR 130-1.1. Except for the dismissal of defendants' counterclaim for sanctions, Supreme Court denied the respective motions. Defendants and Parillo now appeal.

We affirm. Defendants assert that they did not waive their right to enforce the specific terms of the option agreement, including the provision of timely written notice to extend it and, therefore, are entitled to summary judgment dismissing plaintiff's complaint. We disagree. Although strict compliance with the terms of an option contract is required (*see Matter of Cornerstone Realty Group, LLC v County of Greene*, 28 AD3d 1033, 1035-1036 [2006]), a party to a contract may waive strict compliance with its terms (*see AXA Global Risks U.S. Ins. Co. v Sweet Assoc.*, 302 AD2d 844, 846 [2003]). Whether defendants' representative waived compliance with the written notice requirement to extend the option contract hinges on the resolution of the credibility of the various witnesses. Thus, Supreme Court correctly determined this to be an issue of fact which precludes summary judgment (*see Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753 [2004]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.