In the Matter of FRANK GAETANO LAMBERTI, Petitioner, v GLENN ANGIOLILLO, Appellant, and LOUIS MARINELLI, Respondent, et al., Respondent. [905 NYS2d 560]—

Decree, Surrogate's Court, Westchester County (Anthony A. Scarpino, Jr., S.), entered on or about April 20, 2009, directing petitioner to specifically perform under an option contract and transfer equal shares of a partnership's interest in real property to respondents Glenn Angiolillo and Marinelli in exchange for payment equal to the appraised value of the property, unanimously affirmed, without costs.

General principles governing option agreements require strict compliance with the terms setting forth the time and manner of the option's exercise (*see Agostino v Soufer*, 12 AD3d 204, 205 [2004]; *Urban Archaeology Ltd. v Dencorp Invs., Inc.*, 12 AD3d 96, 104 [2004]). However, a party to an option contract may waive its right to insist upon strict compliance with those terms, either expressly or by its conduct (*see Ballston Ave. Dev. v Wolf*, 45 AD3d 1032, 1033 [2007]; *Kenyon & Kenyon v Logany, LLC*, 33 AD3d 538 [2006]). Waiver of an established contractual right

"requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

Glenn Angiolillo waived his right to insist upon strict compliance with the underlying option agreement's terms setting forth the time period for exercising an option and the purchase price of the subject property. Both in correspondence in the record and in testimony before the court, he demonstrated his agreement to extend the option period.

Although the option contract required modifications to be in a writing signed by all parties, the evidence of record shows that by their conduct, the parties ratified numerous modifications to their contract, such as to the terms setting forth the time period for the exercise of options to purchase the property and to the purchase price itself (*see* Restatement [Second] of Contracts § 209, Comment *a*; § 210, Comment *c*).

The Surrogate's Court did not abuse its discretion by invoking its equitable authority to grant specific performance of the underlying agreement (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]). There was a valid contract, the optionees had substantially performed thereunder and were capable of performing their remaining obligations, the optionor was able to perform its obligations, and there was no adequate remedy at law. In its grant of equitable relief, the court properly placed the parties, to the extent possible, in the positions they would have occupied had the contract been performed according to its terms, granting no party superior rights than would have been enjoyed had there been proper performance (*see F & F Rest. Corp. v Wells, Goode & Benefit*, 61 NY2d 496, 502 [1984]; *Stephens v Messing*, 162 AD2d 352, 354 [1990]). Concur—Mazzarelli, J.P., Freedman, Richter and Manzanet-Daniels, JJ.