Split Rail Holdings LLC v 176 Grand St. Corp. (2018 NY Slip Op 07967)





Split Rail Holdings LLC v 176 Grand St. Corp.


2018 NY Slip Op 07967


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7684 652417/16

[*1]Split Rail Holdings LLC, Plaintiff-Respondent,
v
176 Grand St. Corp., Defendant-Appellant.


Blank Rome LLP, New York (Samuel D. Levy of counsel), for appellant.
Herrick Feinstein LLP, New York (Avery S. Mehlman of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 23, 2018, which granted plaintiff Split Rail Holdings LLC's (Split Rail) motion for summary judgment for specific performance, dismissed Split Rail's cause of action for breach of contract as moot, denied 176 Grand's cross motion for summary judgment on its ninth affirmative defense and its first and second counterclaims, and dismissed the counterclaims, unanimously affirmed, with costs.
Construing the lease according to its plain meaning, and harmonizing the contractual provisions (Natixis Real Estate Capital Trust 2007-HE2 v Natixis Real Estate Holdings, LLC, 149 AD3d 127, 133 [1st Dept 2017]), Article 43.A of the lease, titled "Option to Purchase Fee Ownership of the Landlord," which specifically stated that "the Tenant shall have the option to acquire Landlord's fee interest in the Demised Premises" created an option to purchase the subject property. Nor was the lease void under the statute of frauds, as the lease was signed by the corporate president, pursuant to the executed consent of all shareholders (see General Obligations Law § 5-703).
The purchase price was calculated based on ten times the annual rent during the year Split Rail exercised the purchase option, i.e., "Year 15 times ten," equating to a purchase price of $6,355,477.40, as Article 2(a) lists base rent as rent per year. As with any contract, a lease should also be construed in a commercially reasonable manner (see E-Z Eating 41 Corp. v H.E. Newport L.L.C., 84 AD3d 401, 409 [1st Dept 2011]). It would not make economic sense for 176 Grand to delay its opportunity to compel the purchase of the subject property beyond year six, as provided in Article 43.B of the lease, since it would be entitled to a better price at that time. A single provision should not render the lease ambiguous, when other provisions of the lease support a conclusion that the purchase price is based on annual rent (see Eighth Ave. Coach Corp. v City of New York, 286 NY 84, 88-89 (1941)].
Contrary to 176 Grand's contention, specific performance is
available on the sale of commercial property (see Bright Stone Corp. v J & J Assoc. II, LLC, 161 AD3d 628, 628-629 [1st Dept 2018]) and was appropriate here where, as the trial court noted, Split Rail lost "a bargained-for contractual right to exercise an option to purchase the Property" (see Matter of Lamberti v Angiolillo, 73 AD3d 463, 464 [1st Dept 2010], lv denied 15 NY3d 711 [*2][2010]). For these reasons, the grant of summary judgment in favor of plaintiff, and the denial of summary judgment as to defendant's ninth affirmative defense and counterclaims was correct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK